IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hangzhou Aoshuang E-Commerce Co., Ltd. | ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-04565 |
| v. | ) ) ) | Judge Virginia M. Kendall |
| The Partnerships and Unincorporated Associations Identified in Schedule "A," | ) ) ) ) | Mag. Judge Young B. Kim |
| Defendants. | ) | |

### Declaration of Adam E. Urbanczyk

I, Adam E. Urbanczyk, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am the attorney for Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd. ("Plaintiff" or "HAECo"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify to the following:

2. According to a 2018 report by U.S. Customers and Border Protection entitled "Intellectual Property Rights Fiscal Year 2017 Seizure Statistics," intellectual property rights (IPR) seizures increased 8% over 2016 to a record 34,143 reflecting a total manufacturer's suggested retail price (MSRP) of the seized goods, had they been genuine, of more than $1.2B. A true and correct copy of this report is attached hereto as Exhibit 1.

3. According to a 2017 report entitled "The Report of the Commission on the Theft of American Intellectual Property (also known as the IP Commission Report)," eCommerce trademark infringement, particularly involving counterfeit goods, and piracy / copyright infringement cost merchants in the U.S. alone nearly $41 billion. A true and correct copy of this report is attached hereto as Exhibit 2.

4. According to a 2015 report by U.S. Customers and Border Protection entitled "Intellectual Property Rights Fiscal Year 2015 Seizure Statistics," there were 28,865 seizures which, according to the IP Commission Report, represented less than 3% of the total infringing goods being sold. A true and correct copy of this report is attached hereto as Exhibit 3.

5. According to a 2015 report by the World Economic Forum entitled "State of the Illicit Economy," the "cost to the global economy of counterfeiting alone could reach USD 1.77 Trillion." A true and correct copy of this report is attached hereto as Exhibit 4.

6. According to a 2013 report U.S. Customers and Border Protection entitled "Intellectual Property Rights Fiscal Year 2012 Seizure Statistics," "the internet has fueled explosive growth in the numbers of small packages of counterfeit and pirated goods shipped through express carriers and mail." A true and correct copy of this report is attached hereto as Exhibit 5.

7. In my experience in with online counterfeiting, trademark infringement, and copyright infringement over the last three years, I have observed counterfeiters using a variety of tactics to evade enforcement efforts. Specifically, infringers like those Defendants in the present case will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit, or otherwise utilize a plethora of accounts to minimize the risk that the removal or deactivation of one storefront due to their counterfeiting activities will stall their entire operation.

8. In my experience, once notice of a lawsuit is received, infringers like those Defendants in the present case move funds from their U.S.-based accounts (*e.g.*, PayPal) to off-shore bank accounts outside the jurisdiction of this Court.

9. For these reasons, in the absence of an *ex parte* Order, Defendants in the interest of shielding their assets could and likely would modify payment account registration data and content and to shuffle any assets from accounts in U.S.-based financial institutions (e.g., PayPal), to offshore accounts.

10. Exhibit 6 attached hereto is a true and correct copy of the unpublished decisions cited in

HAECo's Memorandum in Support of its Motion for a Temporary Restraining Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this July 8, 2019 at Chicago, Illinois.

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
ARDC No. 6301067
*Counsel for Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd.*