IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Hangzhou Aoshuang E-Commerce Co., Ltd. | ) ) | | |
| Plaintiff, | ) ) | Case No. 1:19-cv-04565 | |
| v. | ) ) ) | Judge Martha M. Pacold | |
| 008fashion, et al. | ) ) ) ) | Mag. Judge Jeffrey Cole | |
| Defendants. | ) | | |

### Reply in Support of Plaintiff's Motion for
### Entry of a Preliminary Injunction with Respect to Certain Defendants

Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd. submits this Reply to the Memorandum of Law opposing Plaintiff's Motion for Entry of a Preliminary Injunction with respect to 30 of the defendants in this matter (the "Opposition Memo"). [Dkt. 82].[1] As explained further below, Plaintiff has shown a likelihood of success on its claims and the balance of harms favors Plaintiffs. Therefore, the preliminary injunction should be granted against these defendants.

---

[1] The Memorandum of Law was filed on behalf of the following defendants: No. 124-qixing; Def. No. 146-Star star in the sky; Def. No. 168--william&jack; Def. No. 41--fashion-shop113; Def. No. 186--zagoo; Def. No. 40--fashion-shop112; Def. No. 11--aztuckers; Def. No. 185--yuzebaby; Def. No. 30--dongyang743; Def. No. 39--ZOGAA3 Store; Def. No. 56--Greatmen Store; Def. No. 28--zoggaofficial store; Def. No. 82--ZOGAA SIX Store; Def. No. 25--ConvenientYourLife; Def. No. 180--yangxinyuan; Def. No. 55--Goodgoods8; Def. No. 173--Xiao wu big yards shop; Def. No.44--fengzifei; Def. No. 45--fengzihyt-4; Def. No. 134--Shirley Store; Def. No. 5-aling fashion cool; Def. No. 15-babyzaima; Def. No. 33-Encantador KK Store; Def. No. 68-heheni store; Def. No. 71-home full; Def. No. 117-niubi store; Def. No. 131_shenjianfeng; Def. No. 172-wowan1, Def. No. 182-Your Parcel Store and Def. No. 47-forever2017 (collectively, the "Opposition Defendants").

## I. Introduction

Following Plaintiff's motion, Judge Kendall determined that good cause existed to justify the entry of a temporary restraining order against all 187 defendants in this case. [Dkt. 28]. While Plaintiff was awaiting discovery responses from third parties (*e.g.*, Amazon), Plaintiff successfully moved this Court to extend the TRO for an additional 14 days. [Dkt. 33]. Plaintiff appeared on its motion for entry of the preliminary injunction on August 6, 2019, as did counsel for a subset of the Defendants here who objected to the entry of the PI. The preliminary injunction was entered as to all defendants in the case with the exception of 5-ALING FASHION COOL, BABYZAIMA, 33-ENCANTADOR KK STORE, 68-HEHENI STORE, 71-HOME FULL, 117-NIUBI STORE, 131-SHENJIANFENG, 172-WOWAN1, and 182 YOUR PARCEL STORE (the "Excepted Defendants"). [Dkt. 43]. For the Excepted Defendants, a briefing schedule was set for them to oppose entry of the preliminary injunction. [Dkt. 42]. That same day, Plaintiff filed a motion to extend the TRO with respect to the Excepted Defendants for the duration of briefing and resolution of the Excepted Defendants' arguments against to entry of the preliminary injunction over them. [Dkt. 40]. Over those Excepted Defendants' objections, Judge Kendall granted Plaintiff's motion to extend the TRO over them for that duration. [Dkt. 46]. The following day, counsel for the Excepted Defendants and additional defendants (now collectively the "Opposing Defendants") filed their first emergency motion to lift the preliminary injunction, for damages, and other relief. [Dkt. 55]. On August 14, 2019 and after oral argument, Judge Kendall denied the Opposing Defendants' first emergency motion. [Dkt. 63].

On August 22, 2019, the Opposing Defendants filed, among other motions, another motion to vacate the TRO and preliminary injunction. [Dkt. 71]. While originally set for presentment on August 27, 2019, the case's reassignment to Your Honor resulted in that date being stricken. [Dkt. 76]. The Opposing Defendant appeared the following day, on yet another emergency basis, before

Judge Coleman who declined to grant the Opposing Defendants' motions, relegating briefing on this matter to the original schedule set by Judge Kendall. [Dkt. 42, 84]. Finally, on August 27, 2019, these defendants filed their memorandum of law opposing Plaintiff's motion for a preliminary injunction.

Pursuant to the TRO and the preliminary injunction, Plaintiff's expedited discovery requests were sent to the Opposing Defendants on August 22, 2019, and Plaintiff previously provided, on August 7, 2019, to Opposing Defendants requested evidence and sales data related to their infringing conduct. Declaration of Adam Urbanczyk, ¶¶ 2-5. Despite Plaintiff's production and their outstanding response obligations, the Opposing Defendants have failed to produce any discovery, choosing instead to file duplicative and meritless challenges to this Court's previous orders. The Court should maintain the status quo while the merits of Plaintiff's claims are established and extend and grant the PI with respect to the Opposing Defendants and Excepted Defendants therein.

## II.     Standard for Preliminary Injunction

As stated in Plaintiff's initial memorandum of law in support of the preliminary injunction, in the Seventh Circuit, the standard for granting a preliminary injunction is identical to the standard for entering a TRO. *See, e.g.*, Charter Nat'l Bank & Trust v. Charter One Fin., Inc., No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citation omitted). Generally, a party seeking to obtain a preliminary injunction or must demonstrate: (i) that its case has **some likelihood** of success on the merits; (ii) that no adequate remedy at law exists; and (iii) that it will suffer irreparable harm if the injunction is not granted. Ty, Inc. v. The Jones Group, Inc., 237 F.3d 891, 895 (7th Cir. 2001) (emphasis added); Columbia Pictures Indus., Inc. v. Jasso, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996)*; See*, Coach, Inc. v. The P'ships & Unincorporated Assocs. Identified on Schedule "A", No. 13 C 6618, 2013 WL 5477573, at *1 (N.D. Ill. Oct. 1, 2013) (granting preliminary injunction against

foreign online resellers after entry of TRO). Because this Court has already entered the TRO, it has already found the requirements for entry of the preliminary injunction have been met.

A plaintiff does not have to show that success on the merits is certain in order to obtain a preliminary injunction. Rather, the plaintiff "need only demonstrate at the preliminary injunction stage that it has a 'better than negligible' chance of succeeding on the merits so that injunctive relief would be justified." Ty, Inc., 297 F.3d 891, 898, *citing*, International Kennel Club of Chicago, Inc. v. Mighty Star, Inc., 846 F.2d 1079, 1084 (7th Cir. 1988).

Once the plaintiff has met the first three conditions for obtaining preliminary relief, the court must consider the balance of harms to the moving party, the nonmoving party, and the public. Id. at 895. This balancing involves a sliding scale approach: "the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." Id. If the plaintiff's likelihood of success is more than "slight," there is no need for the plaintiff to make a proportionately stronger showing that the balance of harms is in its favor. Id. at 903-904.

**III.    Ten Defendants have provided no evidentiary support for prior use of the Giraffe Mark.**

The memorandum of law opposing the preliminary injunction is supported only by the declaration of Zhou Wenbo ("Zhou") [Dkt. 48] and an exhibit to the declaration of the defendants' attorney, L. Ford Banister, II [Dkt. 78, Ex. 4]. Based on Zhou's declaration, the memorandum of law alleges that the "Defendants" - defined as all 30 defendants filing the opposition – have used the Giraffe Mark prior to Plaintiff. However, according to Zhou's declaration, he is only involved with 20 of those defendants. [Dkt. 48, ¶ 4].

The remaining 10 defendants - Def. No. 5-aling fashion cool; Def. No. 15-babyzaima; Def. No. 33-Encantador KK Store; Def. No. 68-heheni store; Def. No. 71-home full; Def. No. 117-niubi store; Def. No. 131_shenjianfeng; Def. No. 172-wowan1, Def. No. 182-Your Parcel Store and Def.

No. 47-forever2017 - have provided no evidentiary support for the allegation that they have used the Giraffe Mark at any point prior to Plaintiff's use, or had independently created any competing giraffe design. Therefore, these 10 defendants have not put forward any reason for this Court to doubt Plaintiff's likelihood of success on its trademark claims against them.

**IV.     Plaintiff has shown more than a slight chance of success on all claims against all 30 Opposing Defendants.**

The memorandum of law in opposition presents four arguments against the merits of Plaintiff's claims. First, defendants argue that Plaintiff does not have any rights in its unregistered trademark because Plaintiff has not provided evidence that members of the consuming public identify Giraffe Shirts as originating with Plaintiff. Second, defendants argue that they have used the Giraffe Mark in the U.S. prior to Plaintiff. Third, defendants argue that Plaintiff does not have any copyright protection in the Giraffe Work. And fourth, defendants argue that their products do not violate Plaintiff's copyright.

As to the first argument, defendants misstate the analysis for trademark protections for unregistered marks. As stated by the Seventh Circuit, "the first step in determining whether an unregistered mark or name is entitled to the protection of the trademark laws is to categorize the name according to the nature of the term itself. Trademarks that are fanciful, arbitrary [i.e. made-up terms like 'Kodak'] or suggestive are fully protected, while 'descriptive words (*e.g.*, 'bubbly' champagne) may be trademarked only if they have acquired *secondary meaning*, that is, only if most consumers have come to think of the word not as descriptive at all but as the name of the product." Int'l Kennel Club of Chi., Inc. v. Mighty Star, Inc., 846 F.2d 1079, 1084 (7th Cir. 1988), *quoting*, Blau Plumbing, Inc. v. SOS Fix-It, Inc., 781 F.2d 64, 609 (7th Cir. 1986).

In this case, Plaintiff has an unregistered trademark in the symbol of a giraffe used on clothing. There is no argument or evidence that this is a merely descriptive or generic mark.

Indeed, Judge Kendall acknowledged as much when denying the Opposing Defendants' first emergency motion to lift the TRO. [Dkt. 63, 65]. Therefore, Plaintiff is not required to show secondary meaning. Additionally, the Seventh Circuit has recognized that, even for descriptive marks, evidence of consumer surveys and testimony is not required to obtain a preliminary injunction "under the time pressures characteristic of preliminary injunction hearings and without the benefit of extensive discovery." Id. at 1086; Breuer Elec. Mfg. Co. v. Hoover Co., No. 97 C 7443, 1998 WL 427595, at *9 (N.D. Ill. July 23, 1998) ("There is no requirement that a plaintiff in a trademark action conduct a survey in order to obtain a preliminary injunction."). Therefore, Plaintiff has a strong likelihood of success establishing trademark protection for the Giraffe Mark.

Turning to the second argument, as noted above, the evidence relied on by the defendants do not support any claims to prior use of the Giraffe Mark by 10 of the defendants. As to the other 20, defendants rely only on Zhou's declaration that he was the "direct or beneficial owner, operator and/or manager" of those stores. [Dkt. 48, ¶ 4]. There is no evidence regarding Zhou's actual relationship to those stores. The only evidence of prior use involves Def. No. 186 - Zagoo. [Dkt. 48, ¶ 11] and that evidence is limited to a single sale in late March 2015 with a screenshot of a shirt with an illegible design described as "deer embroidery." [Dkt. 48, Ex. 4]; *See*, River Light V, L.P. and Toy Burch LLC v. Zhangyali, et al., No. 15-cv-05918 (N.D. Ill Sept. 9, 2015) (declining to lift preliminary injunction where submitted "evidence" was "not so obviously trustworthy that they can be accepted without explanation."). These arguments do not significantly reduce Plaintiff's likelihood of success against these defendants.

For their third argument, defendants claim that Plaintiff does not have any rights in the Giraffe Work under the Copyright Act. This argument requires little response. The only support for the argument is that, in defendants' *opinion*, the Giraffe Work lacks originality and there are many other items related to a giraffe that have been granted a copyright. The fact remains that Plaintiff

has, in fact, been granted a copyright in the Giraffe Work which creates a *prima facie* presumption of its validity. *See*, 17 U.S.C. § 410(c). This argument does little to cast doubt on Plaintiff's likelihood of success on this claim.

The final argument related to the merits claims that defendants' giraffe designs are not substantially similar to the Giraffe Work. The defendants point to minor differences in the designs, including the precise curve of the neck, position of the legs, and position of the tail. [Dkt. 78, Ex. 4] However, the designs do not have to be precise duplicates in order to violate Plaintiff's copyright therein. All that is required is substantial similarity and the defendants' own comparison belies their argument: the designs are substantially similar from the standpoint of an ordinary observer. Monster Energy Co. v. Zheng Peng, No. 17-CV-414, 2017 WL 4772769, at *4 (N.D. Ill. Oct. 23, 2017). As with the other arguments, this argument fails to significantly reduce Plaintiff's likelihood of success on the merits.

## V. The balance of harms still favors Plaintiff.

After unsuccessfully opposing the extension of the temporary restraining order, twice failing to lift the TRO and preliminary injunction on emergency bases, and tepidly challenging the merits on Plaintiff's claims above, defendants then melodramatically accuse Plaintiff of perpetrating a fraud upon the court. The entire basis for this serious allegation is that Plaintiff's general manager and Plaintiff's principal know Zhou through previous business dealings. Defendants claim that these previous interactions establish that Plaintiff somehow knew Zhou was involved in the operations of the 20 defendants listed in Zhou's declaration. Even if Plaintiff suspected that Zhou was involved in all of those companies, that group represents approximately ten percent of the defendants in this case. Defendants then try to embarrass Plaintiff by revealing that Plaintiff had requested to borrow funds for a short period of time.

Any claim or implication that Plaintiff is attempting to perpetrate a fraud upon this Court is simply not true. The evidence has shown, and will continue to show, that defendants have been infringing on Plaintiff's intellectual property rights and attempting to improperly benefit from Plaintiff's efforts to build his business. Moreover, this same malodorous argument was raised - and was rejected - when the Excepted Defendants attempted to first lift the TRO on an emergency basis. [Dkt. 48, 63].

Defendants then quickly transition to implying that Plaintiff is abusing the court process by seeking to enforce its legal rights by preventing defendants from absconding with the profits obtained by their unfair and deceptive business practices. However, injunctive relief is a typical remedy in trademark infringement cases. As the Seventh Circuit recognized, "damages occasioned by trademark infringement are by their very nature irreparable." Ty, Inc., 237 F.3d 891, 902 (7th Cir. 2001) (internal quotation omitted). It is "virtually impossible to ascertain the precise economic consequences of intangible harms, such as damage to reputation and loss of goodwill, cause by such violations." Id. (internal quotation omitted). In the face of these damages, the Seventh Circuit affirmed the granting of a preliminary injunction even where the chances of success on the merits were about 50 percent and the defendant asserted dire consequences, including potentially going out of business. Id., 237 F.3d at 896.

## VI. Conclusion

This Court has already found that the evidence submitted and arguments provided by Plaintiff, in briefs and in open court, supported: (i) the granting of a temporary restraining order; (ii) a first extension thereof; (iii) a second extension thereof with respect to the Excepted Defendants and maintenance of the TRO over their objections; (iv) the entry of a preliminary injunction with respect to all other defendants; and (v) the maintenance (again) of the TRO and preliminary injunction with respect to the Opposing Defendants. The last time the parties were before the

Court, it again denied the Opposing Defendants who seem happy to engage in motion practice yet simultaneously loathe to respond to Plaintiff's discovery requests.

The Opposing Defendants have not put forward any substantive reason to change course at this stage. Plaintiff respectfully submits that it has shown, while weathering the Opposing Defendant's colorful challenges, a strong likelihood of success and that the balance of harms favors it. Therefore, Plaintiff respectfully requests this Court to enter and/or maintain the preliminary injunction against the Opposing Defendants listed in Doc. 82 under the same terms which were employed in the previously-entered preliminary injunction order. [Dkt. 43].

Dated this September 10, 2019

Respectfully submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
ARDC No. 6301067
*Counsel for Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd.*

## Certificate of Service

I hereby certify that a true and correct copy of Plaintiff's **Reply in Support of Plaintiff's Motion for Entry of a Preliminary Injunction with Respect to Certain Defendants** will be sent via the Court's e-filing system to counsel of record this September 10, 2019.

Larry Ford Banister, II
The Law Office of L. Ford Banister, II
PO Box 3514 PMB 23332
New York, NY 10008
United States
(212) 574-8017
ford@fordbanister.com

Charles Edward McElvenny
Law Offices of Charles E. McElvenny
120 N LaSalle St Suite 1200
Chicago, IL 60602
312 291 8330
charlie@cemlawfirm.com

Daliah Saper
Saper Law Offices
505 N. LaSalle #350
Chicago, IL 60654
(312)527-4100
dsaper@saperlaw.com

John Yo-Hwan Lee
Lee & Breen LLC
188 Industrial Drive, Suite 403
Elmhurst, IL 60126
(312) 241-1420
jlee@leebreenlaw.com

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
ARDC No. 6301067
*Counsel for Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd.*