IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANGZHOU AOSHUANG E-COMMERCE CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | No. 19 C 4565 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| 008FASHION, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendants have filed a motion seeking to vacate my order of November 20, 2019, which, among other things, noted that certain of defendants' discovery responses were overdue and allowed defendant and ordered defendants to comply with their discovery obligations by November 27, 2019. [Dkt. #190]. Defendants ask that the order be vacated, that I find their responses were not overdue, that I allow them until December 4th to submit their discovery responses, and that I rescind any previous opinion in which I required compliance with Local Rule 37.2. [Dkt. #198]. The plaintiff, confusingly, does not oppose the extension of time despite having complained about the discovery responses being late, but opposes the motion to vacate my order. [Dkt. #200, Par. 3]. For the following reasons, the defendants' motion for an extension to December 4th is granted, but the balance of their motion is denied.

At the November 20th hearing, the plaintiff complained that the defendants were about three months late in responding to discovery requests the plaintiff served in late August. The defendants now contend that their responses, at the time of my previous order, were not overdue. According

to the defendants, plaintiff submitted discovery requests on August 22, 2019, making responses due, under the Federal Rules, by September 22nd, although defendants indicate that there was an expedited deadline of August 26th pursuant to the TRO, which plaintiffs extended to September 10th. [Dkt. # 198, at 6]. Defendants argue that the parties agreed that no discovery could be exchanged before a protective order was in place, which defendant charges was delayed by plaintiff and not entered until October 23rd. [Dkt. # 198, at 7]. Defendants also complain that plaintiff has not mentioned the overdue responses on at least a couple of occasions, and as a result of that, and MIDP discovery, defendants thought plaintiff's requests had "expired." [Dkt. #198, at 8].

First, the defendants cannot deny that, once the November 20th order was entered, the defendants' discovery responses were due on November 27th. But they filed their instant motion, seeking an extension of that deadline, at 11:55 p.m. on November 27th, the very date the responses were due. [Dkt. #198]. To make matters worse, they noticed their motion for a hearing for December 5th, a week after the deadline would have passed. [Dkt. #199]. Obviously, asking for an extension of a deadline at five minutes to midnight on the date time expires is too late. Presenting a motion for a hearing a week after the deadline expires is really too late. *See* Fed.R.Civ.P. 6(b)(1)(B)(party must show excusable neglect for not having filed motion before time expired); *Monco v. Zoltek Corp.*, 2019 WL 4686547, at *2 (N.D. Ill. Sept. 26, 2019)("Extensions by default, . . . and that is in reality what is sought by the defendants – ought not be allowed."); *Logan v. Berryhill*, 2017 WL 1344521, at *2 (N.D. Ill. Apr. 12, 2017). What could an attorney engaging in such tactics possibly think was going to happen?

Second, delays involving the entry of a protective order ought not to delay putting together a discovery response to be prepared for submission once the order was entered. And, certainly, the

2

entry of the order on October 23rd ought not to have any delaying effect on defendants' obligations under my order of November 20th, which was a month after the entry of the protective order. Indeed, if the defendants originally had five days to respond to the expedited discovery request, as they indicate, then even using the entry date of the protective order as a starting point, the responses ought to have been submitted by October 28th, over a month ago. As for whether the requests had "expired," that's something defendants should have raised at the hearing on November 20th. Based on their motion, they didn't. Defendants cite a few transcript pages from the November 20th hearing in their motion, but they attach no transcript to the motion, and none is docketed. They do not cite to any transcript page suggesting they raised this at the hearing [Dkt. # 198, at 5], and review of the recording shows that defendants raised the delay in entering the protective order as the only excuse, with no mention of anything having "expired."

Third, for reasons best known to itself, after raising the lateness of defendants' responses, plaintiff no longer cares and is fine with an extension to December 4th, essentially a three month grace period. Why, then, would plaintiff raise the issue at the hearing and set this entire tempest in a teacup in motion? The filings and entries in the docket in this four-month-old case already amount to a staggering 7200 pages. As defendants point out, this case has been heavily litigated, and that means plaintiff has already enjoyed quite a bit of taxpayer-funded dispute resolution. And now, plaintiff has apparently wasted court time by asking for an order compelling defendants to comply in timely fashion with discovery obligations when plaintiff apparently didn't care whether defendant did so. *See, e.g, Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991) ("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."); *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015)(the public

3

should not be made to subsidize needless disputes); *Gunn v. Stevens Sec. & Training Servs., Inc.*, 2018 WL 1737518, at *3 ("Here, the taxpayers have been made to subsidize a discovery dispute needlessly.").

While it should be pointed out that neither the plaintiff or the defendants "own" the discovery schedule, on this occasion, as the motion for an extension is not opposed, it will be granted. Defendants's responses are due December 4th. As they have now had six weeks since the entry of the protective order, those responses should be completed and ready to be filed tomorrow. As for vacating the order, the defendants' responses will be extremely late. As such, the pertinent authority and the federal rules dictate that objections are waived. Fed.R.Civ.P. 33(b)(4)("Any ground not stated in a timely objection is waived unless the court, for good cause shown, excuses the failure."); *Martinez v. Cook Cty.*, 2012 WL 6186601, at *3 (N.D. Ill. Dec. 12, 2012)("A party's failure to timely object to discovery requests without demonstrating good cause for the delay may result in a waiver of all objections that could otherwise have been asserted."); *Buonauro v. City of Berwyn*, 2011 WL 116870, at *4 (N.D. Ill. Jan. 10, 2011)(failure to object to request for production in timely manner is a waiver).

Finally, I will not be rescinding my previous opinions regarding compliance with Local Rule 37.2. "District courts have considerable discretion in interpreting and applying their local rules . . . ." *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 549 (7th Cir. 2017); *Sapia v. Bd. of Educ. of the City of Chicago*, 318 F. Supp. 3d 1049, 1051 (N.D. Ill. 2018). *Physicians Healthsource, Inc. v. Allscripts-Misy's Healthcare Sols., Inc.*, 2012 WL 5989203, at *3 (N.D. Ill. Nov. 29, 2012); *Sapia v. Bd. of Educ. of the City of Chicago*, 318 F. Supp. 3d 1049, 1051 (N.D. Ill. 2018). I was presented with an oral complaint, by way of a housekeeping matter at the end of a hearing, that discovery

requests made three months earlier had not been responded to. The only excuse offered was that the protective order had not been entered until October 28th. Obviously, as already discussed, that was no excuse at all and I decided that ordering a meet-and-confer at that late date would have accomplished nothing.

The problem here, especially given the plaintiff's about-face, appears to be that when they do confer, the parties are not really conferring in good faith, which requires more than both sides sticking to their guns. *See, e.g., Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 921 (N.D. Ill. 2019)("While they 'conferred telephonically, all this consisted of was [plaintiff] asking [defendant] if it still opposed forensic inspection and [defendant] saying it did."); *Chicago Reg'l Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens Sec. & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("A single phone call in three months regarding a dispute that has engendered nearly 500 pages of briefs and exhibits doesn't come close to sufficing.").

Accordingly, any future discovery motion *must* contain a detailed, joint statement of the parties' efforts to resolve their disputes over each of the document requests at issue, along with their final positions, supported by pertinent authority, on each request that remains in dispute. *See Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, No. 05 C 5488, 2007 WL 2713352 (N.D. Ill. Sept. 12, 2007); *O'Toole v. Sears, Roebuck & Co.*, 302 F.R.D. 490, 491 (N.D. Ill. 2014). Failure to comply with the Local Rule – not my Rule, but the Court's Rule, applicable to *all* litigants – will

result in a denial of the motion.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/3/19