IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANGZHOU AOSHUANG E-COMMERCE CO, LTD. ) ) ) | |
| ) | Case No. 1:19-cv-04565 |
| Plaintiff, ) | |
| ) | Judge Martha M. Pacold |
| v. ) | |
| ) | Mag. Judge Jeffrey Cole |
| 008FASHION, ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF FED.R.CIV.P. 72(a) OBJECTIONS AND MOTION TO VACATE MAGISTRATE'S DISCOVERY ORDER[1]**

**I.  BACKGROUND AND PROCEDURAL HISTORY**

On November 20, 2019, the parties appeared before the assigned magistrate on Defendants' motion for an extension of time to present their settlement letter and to reschedule the settlement conference. [Doc. 183] The Court granted Defendants' motion. [Doc. 190] Near the end of the hearing, Plaintiff stated on record that it had not received responses to certain discovery requests. The Court construed Plaintiff's statement as an oral motion and immediately ordered Defendants to respond by November 27, 2019 without the benefit of any objections that

---

[1] The motion is filed and the instant memorandum submitted on behalf of Defendants No. 124-qixing; Def. No. 146-Star star in the sky; Def. No. 168--william & jack; Def. No. 41--fashion-shop113; Def. No. 186--zagoo; Def. No. 40--fashion-shop112; Def. No. 11--aztuckers; Def. No. 185--yuzebaby; Def. No. 30--dongyang743; Def. No. 39--ZOGAA3 Store; Def. No. 56--Greatmen Store; Def. No. 28--zogga official store; Def. No. 82--ZOGAA SIX Store; Def. No. 25--ConvenientYourLife; Def. No. 180--yangxinyuan; Def. No. 55--Goodgoods8; Def. No. 173--Xiao wu big yards shop; Def. No.44--fengzifei; Def. No. 45--fengzihyt-4; Def. No. 134--Shirley Store; Def. No. 15--babyzaima; Def. No. 33-Encantador KK Store; Def. No. 182-Your Parcel Store and Def. No. 47-forever2017.

1

they might be entitled to raise. [Id.] In the interest of completeness and for the Court's convenience, the entirety of the brief exchange before the magistrate that resulted in the order the Defendants now seek to vacate is included here, as follows:

> MR. URBANCZYK: And, Your Honor, one last thing.
>
> THE COURT: Yes.
>
> MR. URBANCZYK: As Your Honor has been assigned for discovery supervision, we had propounded for the defendants here and then a larger group, some of which have settled out, sets of -- under the TRO we were entitled to serve expedited discovery. We did that back in August. We never received any responses.
>
> THE COURT: Why not? Well, it's not fair to ask you. The responses that are due -- add this to the order, Jan -- the responses that are due and are overdue now under the TRO shall be answered, shall be responded to in 15 days. No objections will be allowed since you are long past the date for compliance with the discovery obligations you have.
>
> MR. McELVENNY: Your Honor, it's not that we ignored the discovery responses.
>
> THE COURT: You didn't respond, and you didn't get an extension.
>
> MR. McELVENNY: Well, there was a protective order suggested by counsel back in August that we didn't receive till a month later, so we were waiting on the protective order from counsel before we --
>
> THE COURT: That has nothing to do with what you could have produced that is not subject to a protective order. Procrastination is just the worst thing that happens, and it happens all the time in discovery. I'm not going to tolerate it, at least not now. So you didn't do anything. You didn't seek an extension. You didn't comply. Therefore, the objections that might have been raised are deemed waived.
>
> MR. McELVENNY: Judge, given the history of the protective order and the correspondence between counsel, I feel that's a Draconian measure.
>
> THE COURT: What kind of correspondence between counsel?
>
> MR. McELVENNY: Well, there was --
>
> THE COURT: Excuse me. Was there an order that required you to respond by a certain date?
>
> MR. McELVENNY: Judge, I don't remember what the order said.

MR. URBANCZYK: The TRO that was entered and the preliminary injunction that it turned into entitled the plaintiff to serve expedited discovery requests on the platform, so Amazon, et cetera, in addition to the defendants we identified. Those sets -- and there was a number of them, and they're all pretty identical -- were provided back in August.

THE COURT: And they were permitted by the Court.

MR. URBANCZYK: That's correct. That's in the TRO and the preliminary injunction.

THE COURT: They were to be responded to on an expedited basis, and discovery was due when under the various orders?

MR. URBANCZYK: Some time ago. It would have been August 27th, depending. That might have been adjusted depending on if the five-day period fell on a weekend, I guess. There was the issue of the protective order. Counsel is correct, we had to draft something that would cover information that might be sensitive, proprietary.

THE COURT: Fine.

MR. URBANCZYK: That wouldn't have eclipsed the -- that wouldn't have been comprehensive of all that would have been disclosed.

THE COURT: The point is nothing was responded to. There was no claim of protectability under a protective order, and certainly not everything is protectable. There was no response of any kind to those things that were not protected, and it's too late now, too late. You know, delay can be fatal in cases like this as the Seventh Circuit has said over and over and over. They have also said that lawyers or clients who choose to -- I can't remember how they say it -- set schedules and play by the rules of their own design will find that the game cannot be won. That's all I'm saying to you here. You can't. There's nothing before me, plus I wouldn't grant that anyway. To do nothing in the face of discovery requests, I think, is inexcusable, and everybody does it. You're not alone, and you may not even have control. But I don't have to tolerate it and I don't have to let the case go along in accordance with the schedule effectively set by the non-responding party. So that will be the order. If you are not getting what you should get, come back. I mean, file something. Don't wait. So the documents, whatever was due is due within seven days. If you don't get what I'm ordering and you do nothing about it, shame on you. Okay?

MR. URBANCZYK: That's understood.

THE COURT: All right.

MR. URBANCZYK: Thank you.

MR. McELVENNY: Thank you.

[Hearing Trans. at 18:21-22:9]

On November 28, 2019 Defendants moved unopposed for an extension of time to December 4, 2019 to respond to the discovery requests in issue. [Doc. 198] In the same motion, Defendants also moved to vacate the magistrate's order on Plaintiff's oral motion to compel. [Id.] On December 3, 2019, the magistrate issued an opinion order granting Defendants' unopposed motion for an extension of time and denying denying Defendants' motion to vacate its ruling on Plaintiff's oral motion to compel. [Doc. 203] Defendants submitted their Fed.R.Civ.P. 72(a) Objections and Motion to Vacate Magistrate's Discovery Order on December 4, 2019. [Doc. 205] The Court has set a hearing on the motion to vacate for December 18, 2018 at 10:15 AM. [Doc. 210] Defendants now submit the instant Memorandum of Law in support of their Fed.R.Civ.P. 72(a) Objections and Motion to Vacate Magistrate's Discovery Order on December 4, 2019. [Doc. 205]

**II.      STANDARD OF LAW**

A district court may reverse a magistrate judge's discovery ruling only when it is "clearly erroneous or contrary to law." *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016) (quoting 28 U.S.C. § 636(b)(1)(A)); see also Fed. R. Civ. P. 72(a) ("A district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."). Magistrate judges enjoy extremely broad discretion in controlling discovery. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). "In short, the district judge reviews magistrate-judge discovery decisions for clear error." *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). "The clear error standard means that the

district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). See *Maui Jim, Inc. v. Smartbuy Guru Enters.*, Case No. No. 16-cv-9788 at *4-5 (N.D. Ill., February 26, 2018)

### III. SUMMARY OF THE ARGUMENT

The opinion of the magistrate judge denying Defendants' motion to vacate does not accurately address the relief requested therein. Plaintiff's oral motion to compel was not properly before the magistrate. Defendants' argument as to Plaintiff's discovery requests having expired and having been superseded by the MIDP is not properly waived. This Court should discourage the failure to adhere to mandatory Court rules and should view the instant motion to vacate in the light most favorable to Defendants.

### IV. ARGUMENT

#### a) The Opinion of The Magistrate Judge Denying Defendants' Motion to Vacate Does Not Accurately Address the Relief Requested Therein

In its order denying Defendants' motion to vacate, the magistrate, citing generally to Defendants motion to vacate, [Doc. 198] recites that "Defendants ask that... I rescind any previous opinion in which I required compliance with Local Rule 37.2." [Doc. 203 at 1] The magistrate's opinion goes on to state that "I will not be rescinding my previous opinions regarding compliance with Local Rule 37.2." [Id. at 4] The magistrate then goes on to cite a number of cases for the proposition that judges have great discretion in when and whether to apply court rules. [Id.] The magistrate then goes on to fault the litigants for, in its opinion, not having conferred in good faith, *to wit*: "The problem here, especially given the plaintiff's about-face, appears to be that when they do confer, the parties are not really conferring in good

faith, which requires more than both sides sticking to their guns... Accordingly, any future discovery motion must contain a detailed, joint statement of the parties' efforts to resolve their disputes over each of the document requests at issue, along with their final positions, supported by pertinent authority, on each request that remains in dispute...Failure to comply with the Local Rule – not my Rule, but the Court's Rule, applicable to all litigants – will result in a denial of the motion." [Id. at 5-6]

Defendants could not more wholeheartedly agree with the magistrates' decision to consistently enforce LR. 37.2 going forward. [Id.] However, the magistrate's opinion in no way addresses the factual scenario before it or the relief requested in Defendants' motion to vacate. [Doc. 198] Rather, Defendants sought to vacate the magistrate's order on Plaintiff's oral motion to compel, in part, on the grounds that "Plaintiff's oral motion to compel discovery was not properly placed before the Court as the parties did not confer as required by Local Rule 37.2 and this Court's case processing procedures..." [Doc. 198 at 3] At no point have Defendants requested that the Court vacate its previous orders requiring compliance with LR 37.2 as stated in the magistrate's order. [Doc. 203 at 1, 4-6] In their Prayer for Relief, Defendants requested that "That if adherence to Local Rule 37.2, this Court's published case processing procedures and its explicit order of October 8, 2019 requiring compliance therewith are not to be observed, the Court explicitly rescind the orders so the parties are properly apprised..." [Doc. 198 at 9] In sum, Defendants' requested that if the magistrate's insistence upon compliance with LR 37.2 was not to be enforced but was to be replaced, as here, by the summary disposition of unnoticed discovery complaints from one party without permitting the other to prepare or be heard, the "[magistrates'] published case processing procedures and its explicit order of October 8, 2019

6

requiring compliance therewith" should be vacated so that the parties do not rely on them and are fully apprised of the fact that the magistrate is in reality simply proceeding as it did here so that they may, to the greatest extent possible, prepare to be subjected to such attempts to ambush them in the manner in which Plaintiff proceeded here, without having made any attempt to confer pursuant to LR. 37.2 over the course of the months in which it claims to have been aggrieved, or having noticed a motion as required by LR. 5.3, the undisputed factual situation here which the magistrate acknowledges, stating that he "decided that ordering a meet-and-confer at that late date would have accomplished nothing." [Id. at 5]

That the magistrate addressed not the request for the consistent application of LR 37.2 but instead issued an opinion concerning a completely different request not present in Defendants' motion to vacate and then appeared to take the parties to task for their non-compliance, in spirit, with LR 37.2 is inexplicable and ironic. The inconsistency between the magistrate's action in entertaining "an oral complaint, by way of a housekeeping matter at the end of a hearing, that discovery requests made three months earlier had not been responded to" [Doc. 203 at 4-5] on which, the record cited above clearly shows, he did not permit Defendants even to speak in opposition to prior to entering his ruling, [Nov. 20, 2019 Hearing Transcript at 18:21-19:9] the magistrate's published case processing procedures and its explicit order of October 8, 2019 mandating compliance with LR. 37.2 [Doc. 133] and his opinion order declaring that no further discovery motions will be heard without "a detailed, joint statement of the parties' efforts to resolve their disputes over each of the document requests at issue, along with their final positions, supported by pertinent authority, on each request that remains in dispute" [Doc. 203 at 5] is inescapable. Defendants acknowledge that the magistrate has great discretion in interpreting

7

and applying local rules. [Doc. 203 at 4] However, Defendants also agree that LR 37.2 is "not [the magistrate's] Rule, but the Court's Rule, applicable to all litigants." [Id. at 5] Defendants further agree with the magistrate's holding in *Physicians Healthsource, Inc. v. Allscripts-Misy's Healthcare Solutions, Inc.,* No. 12 C 3233 at *7 (N.D. Ill. Nov. 29, 2012) that "Rules and schedules count and cannot be ignored." "Local Rules need not be followed in *appropriate* circumstances." *Sapia v. Bd. of Educ. of the City of Chicago*, 318 F. Supp. 3d 1049-50 (N.D. Ill. 2018) (Cole, J.) (emphasis added) Here, the magistrate's explanation that he "decided that ordering a meet-and-confer at that late date would have accomplished nothing" [Doc. 203 at 5] is not supported by the record which contains no reference whatsoever much less any deliberation regarding compliance with LR 37.2. As previously stated, while Defendants did attempt to present an explanation afterward, the magistrate issued his ruling without permitting Defendants even to speak in opposition. [Nov. 20, 2019 Hearing Transcript at 18:21-19:9] In marked contrast to the instant case, Court's in the district have only found that conference would be futile on developed factual records, in contrast to mere unsubstantiated allegations made without notice by a Plaintiff who it is undisputed never attempted at any point to confer. See *Armstrong v. Amstead Industries, Inc.*, No. 01 C 2963, 2004 WL 1497779, *3 (N.D.Ill. July 2, 2004) (Moran, J.) (accepting plaintiffs' contention that a meeting between the parties would have been fruitless); *Royal Maccabees Life Insurance Co. v. Malachinski*, No. 96 C 6135, 2001 WL 290308, * 18 (N.D.Ill. Mar. 20, 2001) (Guzman, J.) ("Taking into account defendant's prior conduct we find that plaintiff adequately complied with Rule 37's certification requirement and Local Rule 37.2.")

      **b)**       **Plaintiff's Oral Motion to Compel Was Not Properly Before the Magistrate**

Failure to adhere to Local Rule 37.2, the magistrate's published case processing procedures and his explicit order of October 8, 2019 [Doc. 133] are not the sole grounds on which Defendants moved to vacate the order. In addition, Defendants submitted that the order should be vacated because Defendants did not have notice or an opportunity to present a meaningful opposition. [Doc. 198 at 3, 5] Specifically, Defendants submitted "that the Court's summary disposition of this matter, minus compliance or any inquiry as to compliance with LR. 37.2, this Court's published case processing procedures and its explicit order of October 8, 2019 [Doc. 133] and without a motion having been filed and noticed is consummately unfair to Defendants who were met necessarily unprepared." [Id.] Defendants further argued that "the entry of any order on any matter under these circumstances, without notice or an opportunity to be heard, is unjust to any party." [Id. at 8] The magistrate's opinion order denying Defendants' motion to vacate skips over this objection entirely. This objection invokes not only due process considerations but LR. 5.3. As the magistrate himself previously found, "The defendant is correct that LR 5.3(b)'s presentment requirement is not optional and that judges in this District have repeatedly dismissed motions for failure to comply with the Rule." *Physicians Healthsource, Inc.* at *4-5. In *Physicians Healthsource, Inc.*, the magistrate excused compliance with LR. 5.3 only upon a showing that "the defendants cannot say the plaintiff's failure to notice their motion for class certification in any way disadvantaged them..." *Id*. The instant case is wholly dissimilar in that Defendants were caught completely by surprise with no chance whatsoever to prepare or to even be heard in opposition due to the magistrate's immediate pronouncement of his ruling upon Plaintiff's presentation of its discovery complaint without

9

notice. [Nov. 20, 2019 Hearing Transcript at 18:21-19:9] The prejudice to Defendants is demonstrated by the fact that the magistrate faults them and finds waived arguments that they had no opportunity to present, as more set out below, due both to the lack of notice and surprise and the magistrate's simply not permitting Defendants to speak. [Doc. 203 at 3]

### c) Defendants' Argument as to Plaintiff's Discovery Requests Having Expired And Having Been Superseded by the MIDP Is Not Properly Waived

Having denied Defendants notice or the opportunity to speak in opposition prior to entering its ruling, the magistrate's opinion then faults Defendants for not having made a complete argument in opposition, effecting a very harsh waiver. [Id. at 3] The abbreviated hearing that the magistrate conducted on this matter shows Defendants being cut off mid-sentence two of the five times they attempted to present their opposition. [Nov. 20, 2019 Hearing Trans. at 19:14-17, 20:5] Defendants also answered a single question from the Court. [Id. at 20:8-9] Defendants' attempt to put forth an opposition to what the Court construed to be an unnoticed oral motion, after the Court had already announced its ruling was limited to precisely two sentences. [Id. at 19:10-11, 25:25-20:2] It is unclear whether the magistrate considered the forced incompleteness of Defendants' defense to constitute a waiver or a judicial admission through silence as the opinion order references neither but merely states "that's something defendants should have raised at the hearing on November 20th." [Doc. 203 at 3] The magistrate's failure to cite the authority upon which it relied to effect a harsh waiver makes it impossible for Defendants to respond. Moreover, Defendants respectfully submit that the magistrate may not save his order from reversal due to the unwarranted failure to adhere to mandatory rules that may not be deviated from without good cause, as fully set out above, on the

10

basis of waiver where such failure denied Defendants a meaningful opportunity to present their opposition.[2]

### d) This Court Should Discourage the Failure to Adhere to Mandatory Court Rules and Should View the Instant Motion to Vacate in the Light Most Favorable to Defendants

The Seventh Circuit has stressed the importance of compliance with Local Rules. See *FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627 (7th Cir. 2005) As fully set out above, while the magistrate may depart from local rules for good cause, no good cause is present here. LR 5.3 requiring that motions be filed and noticed and LR 37.2, the importance of which the magistrate has greatly vaunted, including in his order denying Defendants' motion to vacate, [Id. at 5-6] are of great importance in providing the minimum notice necessary prior to the Court's determination of contested matters, in avoiding surprise and in assuring judicial efficiency in preventing discovery matters that should have been worked out between the parties, another matter to which the magistrate is, per his order denying Defendants' motion to vacate, in total agreement. [Id.] This Court should encourage complete adherence to LR 37.2, including the requirement that conferences be conducted in good faith, and should act to discourage abrogation of LR 37.2 without good cause. This is consistent with judicial opinion within the Northern District of Illinois, including, especially, those of the magistrate, and the teaching of the Seventh Circuit. See *O'Toole v. Sears, Roebuck & Co.*, Case No. 11-cv-4611at *2 (N.D. Ill., March 6,

---

[2] The magistrate's order denying Defendants' motion to vacate references that, although Defendants cited to the hearing transcript, the transcript was not attached. The magistrate instead relied on a recording of the hearing. [Doc. 203 at 3] The significance of the reference is unclear. However, as Defendants cited specific portions of the hearing transcript, the transcript was quite apparently available. Why the magistrate did not obtain the transcript from its assigned court reporter is unclear. For the Court's reference, the November 20, 2019 hearing transcript is attached hereto.

2014) (Cole, J.) ("This, of course, is not a detailed, combined report, and emails between lawyers, do not count under Rule 37.2. and my Order of January 29, 2014. The fact that plaintiffs could suggest that the conclusory assertion constituted compliance with my Order is ludicrous and probably sanctionable. What is more, the defendants have argued -- quite convincingly given the plaintiff's "combined report" - that plaintiffs broke off whatever negotiations had occurred and filed their motion without a good faith attempt to resolve the dispute."); *INFOWHYSE GmbH v. FLEETWOOD Group*, Case No. 15-cv- 11229 at *2 (N.D. Ill., July 29, 2016) (Cole, J.) citing *Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir.1991) ("The purpose of Local Rule 37.2 is '[t]o curtail undue delay and expense in the administration of justice.' The Rule ultimately rests on what Justice Holmes called the shortness of life and the reality that there is a never ending procession of cases that compete for judicial attention. If the parties can resolve their issue, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. Each hour needlessly spent on a dispute is an hour squandered.") The fallacy inherent in departure from these rules is fully on display here where Defendants have been forced to present a motion to vacate the magistrate judge's order, [Doc. 198] the magistrate has issued a six page opinion order denying the request [Doc. 203] and Defendants have submitted their Fed. R. Civ. P. 72(a) objections and motion to vacate, [Doc. 205] on which the Court has set a briefing schedule and hearing date, [Doc. 210] and the instant supporting memorandum.

      Moreover, it is axiomatic that "American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. Judicial

12

supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests... For example, the additional cost of transportation of documents or witnesses to or from foreign locations may increase the danger that discovery may be sought for the improper purpose of motivating settlement, rather than finding relevant and probative evidence. Objections to 'abusive' discovery that foreign litigants advance should therefore receive the most careful consideration." *Sociéte Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. S.D. Iowa*, 482 U.S. 522, 546 (1987) Defendants respectfully submit that this Court should view discovery matters involving Defendants in the instant case, all of whom are abroad, not only as instructed by the Supreme Court in *Sociéte Nationale Industrielle Aérospatiale*, but with due consideration for the fact that the Seventh Circuit has recognized that both trademark and copyright suits are particularly susceptible to abusive litigation, including abusive discovery tactics. See *Mead Johnson & Co. v. Abbott Laboratories*, 201 F.3d 883, 888 (7th Cir., 2000) (**"**Trademark suits, like much other commercial litigation, often are characterized by firms' desire to heap costs on their rivals, imposing marketplace losses out of proportion to the legal merits."); *Brownmark Films, LLC v. Partners*, 682 F.3d 687, 691 (7th Cir., 2012) ("[Infringement] suits are often baseless shakedowns. Ruinous discovery heightens the incentive to settle rather than defend these frivolous suits.") While objections to the specific requests made by Plaintiff, to which Defendants have posited objections, are not within the scope of the relief requested through the instant motion, the following request is illustrative of the overly broad and burdensome document requests that Plaintiff seeks to foist upon Defendants:

13

<u>Request for Production No. 7</u>:

Documents, electronically stored information, and things sufficient to show each transaction (including production identification number, item description, and photo) constituting the funds currently frozen in any of Defendant's Financial Accounts.

[Unquote]

As shown by the Third Amended Declaration of Zhou Wenbo, the amount restrained in the accounts due to the preliminary injunction orders now in place was, as of November 25, 2019, $1,395,584.99. [Doc. 194 at ¶ 8, Ex. A] For Mr. Zhou to provide these documents for the myriad small transactions make up this amount is apparently burdensome. What relevance the request has to any issue in this case, even under the broad standard of Fed.R.Evid. 408, is not apparent, especially in light of the fact that Plaintiff has known, since prior to filing of the instant case and throughout, of the storefronts on which allegedly infringing items were offered for sale and thus the ability to monitor them for subsequent alleged infringements as well as, since early in the case, documents directly from at least Wish and Joom showing the total sales and revenues derived from the sale of allegedly infringing items. [Doc. 195 at ¶¶ 3, 6-7, Exs. A-C] Defendants respectfully submit that their ability to object to such requests under these circumstances should not have been so easily denied by the magistrate.

**V.     CONCLUSION**

For the reasons foregoing, Defendants respectfully request that the Court grant the limited relief requested in the following Prayer For Relief.

(Prayer for Relief on the Following Page)

**PRAYER FOR RELIEF**

**Wherefore,** Defendants respectfully request that the Court grant the following relief:

1) That the orders of the magistrate disallowing Defendants to posit objections [Doc. 190] and the magistrate's order refusing to vacate its initial order [Doc. 203] be vacated;

2) That the Court remand Plaintiff's oral motion to compel upon which the Court based its initial ruling to the magistrate for determination consistent with LR 5.3, LR.37.2, the magistrate's published case processing procedures, its explicit order of October 8, 2019 [Doc. 133] and its order denying Defendants' request to vacate the initial order [Doc. 203 at 5-6] requiring strict compliance with LR 37.2;

3) Any further and additional relief that the Court deems necessary and appropriate.

Respectfully submitted this 10th day of December, 2019.

/s/ L. Ford Banister, II
Bar No. 5446539
FORD BANISTER IP
244 5th, Avenue, Ste. 1888
New York, NY 10001
Telephone: U.S No. 212-574-8107
Email: ford@fordbanister.com