IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hangzhou Aoshuang E-Commerce Co., Ltd. | ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-04565 |
| | ) ) | Judge Martha M. Pacold |
| v. | ) | |
| 008fashion, et al. | ) ) | Mag. Judge Jeffrey Cole |
| Defendants. | ) ) ) | |

**Plaintiff's Response to Defendants' Motion to Vacate Magistrate's Discovery Order**

Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd. submits this Response to the Motion to Vacate Magistrate's Discovery Order [Dkt. 205] filed by 30 of the defendants in this matter ("Defendants"),[1] and the supporting memorandum filed six days later [Dkt. 213]. Defendants do not establish a basis under which Judge Cole's December 3, 2019 Order should be set aside and thus Defendants' Motion should be denied.

---

[1] The Motion to Vacate Discovery Order was filed on behalf of the following defendants: No. 124-qixing; Def. No. 146-Star star in the sky; Def. No. 168--william&jack; Def. No. 41--fashion-shop113; Def. No. 186--zagoo; Def. No. 40--fashion-shop112; Def. No. 11--aztuckers; Def. No. 185--yuzebaby; Def. No. 30--dongyang743; Def. No. 39--ZOGAA3 Store; Def. No. 56--Greatmen Store; Def. No. 28--zoggaofficial store; Def. No. 82--ZOGAA SIX Store; Def. No. 25--ConvenientYourLife; Def. No. 180--yangxinyuan; Def. No. 55--Goodgoods8; Def. No. 173--Xiao wu big yards shop; Def. No.44--fengzifei; Def. No. 45--fengzihyt-4; Def. No. 134--Shirley Store; Def. No. 15-babyzaima; Def. No. 33-Encantador KK Store; Def. No. 182-Your Parcel Store and Def. No. 47-forever2017.

I. Introduction

For its 13th[2] motion in this case, Defendants, dissatisfied with Judge's Cole's denial of their motion that he vacate his November 20, 2019 ruling [Dkt. 190] with respect to Defendant's long-outstanding discovery obligations [Dkt. 203], ask the Court again to vacate both rulings. Judge Cole was imbued with broad discretion to supervise discovery in this case and Defendants' self-righteous attempts to impugn the merits of Plaintiff's claims are not examples of clear error on which a motion under Rule 72(a) can be granted. Defendants' Motion should be denied.

II. Procedural History

Pursuant to the TRO that was entered against the defendants, Plaintiff propounded first sets of expedited discovery requests (the "EDRs") on August 22, 2019 to which certain Defendants[3] were to respond by August 28, 2019. [Dkt. 101-1, ¶ 3]. After conferring, Plaintiff and certain Defendants agreed to extend that deadline until September 10, 2019. [Dkt. 100-1 ¶ 4]. Responses to the EDRs - of material of any confidential or non-confidential classification - were not provided. [Dkt. 167-1 ¶ 2]. Plaintiff provided a draft protective order to the defendants on October 2, 2019 and the agreed order was finally entered on October 23, 2019. [Dkts. 198 p. 7, 151]. Responses to the EDRs - of material of any confidential or non-confidential classification - were still not provided. [Dkt. 167-1 ¶ 2]. On November 16, 2019, Defendants moved for an extension of time to present their settlement conference letter and to reschedule the settlement conference then-set for November 25, 2019. [Dkt. 183]. Hearing on that motion took place before Judge Cole on November 20, 2019 where Defendants' request to reschedule the settlement conference was granted

---

[2] See, generally, Dkts. 51, 55, 69, 70, 71, 96, 131, 155, 156, 183, 191, 198, 205.
[3] Plaintiff's expedited discovery requests comprise first sets of interrogatories and document requests to defendant numbers 5, 11, 15, 25, 28, 30, 33, 39, 40, 31, 44, 45, 47, 55, 56, 68, 71, 82, 117, 124, 131, 134, 168, 172, 180, 182, 185, and 186.

to December 9, 2019. At the hearing, counsel for Plaintiff raised the issue of Defendants' outstanding responses to the EDRs; Judge Cole in his discretion gave Defendants seven days thereafter to respond to the EDRs. [Dkt. 190]. After further conference, Plaintiff in good faith agreed to allow Defendants until after the Thanksgiving holiday - to December 4, 2019 - to provide the EDR responses. [Dkt. 198]. Defendants filed their instant Motion on December 4, 2019 and their supportive memorandum six days later on December 10, 2019. [Dkts. 205, 213].

### III. Argument

#### a. Legal Standard

Like a district court judge, a magistrate judge enjoys "extremely broad discretion in controlling discovery." Charvat v. Travel Servs., 110 F. Supp. 3d 894, 896 (N.D. Ill. 2015). A magistrate's judge's disposition will be set aside only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006). Under this standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir.1997). Further, while compliance with local rules is important, local rules, like all rules "must have sufficient flexibility and must be applied to accomplish the ends of justice and "not bury it beneath the pressure of their own weight." Murata Mfg. Co. v. Bel Fuse, Inc., 242 F.R.D. 470, 474 (N.D. Ill. 2007), *quoting*, Joseph Story, *Miscellaneous Writings*, 210 (1852). Just as the magistrate judge has broad discretion in controlling discovery, the Court has broad discretion in determining how and when to enforce local rules. Sapia v. Bd. of Educ. of the City of Chicago, 318 F. Supp. 3d 1049, 1050 (N.D. Ill. 2018), *quoting*, Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir.1995) ("As has repeatedly and consistently been held, a decision whether to apply the Local Rule in a given case 'strictly or to overlook any transgression is one left to the district court's discretion.'")

b. **Neither Judge Cole's November 20, 2019 ruling nor his December 3, 2019 memorandum opinion and order was clearly erroneous or contrary to law.**

The parties appeared before Judge Cole on November 20, 2019 upon Defendants' presentment of their motion for extension of time to submit their settlement conference statement. Counsel for Plaintiff made the Court aware that the expedited discovery requests propounded upon Defendants, pursuant to the TRO in August, were not responded-to. [Dkt., 213-1, p. 19 line 23 - p. 20 line. 3]. While the protective order in the case was not entered until October 23, 2019 [Dkt. 151], Defendants provided no response (whether of material to-be-covered under the protective order or otherwise) to Plaintiff's EDRs. Defendants did not previously request an indefinite extension of time to respond to Plaintiff's EDRs nor did Defendants file a specific objection to having to make the requested expedited disclosures insofar as the requested material would have been covered by a protective order that had yet to be entered. Moreover, Defendants can point to no representation by Plaintiff that Defendants' obligations to respond to the EDRs - 28 first sets of interrogatories and document requests - were somehow obviated by the MIDP, no can they point to any request to Plaintiff that it waive any required responses to the EDRs in light of the MIDP or otherwise. Indeed, Defendants' noncompliance was a subject of Plaintiff's response to Defendants' Motion to Amend and/or Correct filed in November 5, 2019. [Dkt. 167, 167-1 ¶ 2]. Defendants acknowledge that they had received Plaintiff's EDRs and that Plaintiff had raised the issue of Defendants' failure to respond at least as far back as September 30, 2019 [Dkt. 198, p. 7], 20 days after the agreed extension's deadline. [Dkts. 167-1 ¶ 5, 100-1 ¶ 4].

At no point - at the November 20, 2019 hearing, in Defendants' first Motion to Vacate Judge Cole's November 20, 2019 order, or in Defendants' present Motion - do Defendants attempt to justify why they had not provided <u>any</u> responses to Plaintiff's expedited discovery requests as of November 20, 2019 - four weeks after entry of the protective order and seven weeks after a draft

Page **4** of **7**

thereof was provided to Defendants - nor do Defendants identify why further discussions on that issue would have promoted Rule 37.2's purposes. *See*, Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co., No. 00 C 5658, 2002 WL 1433584, at *3 (N.D. Ill. July 2, 2002) (reviewing plaintiff's motion to compel despite literal noncompliance with Local Rule 37.2); Rosenthal Collins Grp., LLC v. Trading Techs. Int'l, Inc., No. 05 C 4088, 2007 WL 1597928, at *1 (N.D. Ill. May 16, 2007) ("While RCG may be correct that TT did not fully engage in a meet-and-confer, we have broad discretion to determine how and when to enforce local rules."). Judge Cole observed as much during the hearing. [Dkt. 213-1, p. 20 lines 18-24]. Responses to Plaintiff's expedited requests - issued under the TRO which was granted for good cause - were due by August 28, 2019. Nearly three months later and four weeks after the protective order had been entered, about what, exactly, did Defendants wish to meet-and-confer with respect to their obligations? Defendants don't say, and we are left to wonder. *See*, Armstrong v. Amstead Indus., Inc., No. 01 C 2963, 2004 WL 1497779, at *3 (N.D. Ill. July 2, 2004) (disregarding strict compliance with Local Rule 37.2 where meeting would have been fruitless).

Ironically, Counsel for Defendants included in one of his declarations [Dkt. 195-1, 195-2] material Plaintiff provided to Defendants labeled CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in the heading, pursuant to the protective order, which Plaintiff thereafter had to request the Court to retroactively seal. [Dkt. 196]. The protective order provides that "[a]ny party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with LR 26.2." [Dkt. 151, ¶ 7]. Evidently, Defendants are concerned with local rule formalities only to the extent compliance serves their interests.

IV.  **Conclusion**

Judge Cole did not clearly err when issuing either his November 20, 2019 ruling or December 3, 2019 memorandum opinion, and Defendants have provided no sufficient basis on which either should be set aside. Defendants' motion should be denied.

Dated this December 16, 2019

                                                  Respectfully submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
ARDC No. 6301067

*Counsel for Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd.*

**Certificate of Service**

I hereby certify that a true and correct copy of this **Response to Defendants' Motion to Vacate Magistrate's Discovery Order** will be sent via the Court's e-filing system to counsel of record this December 16, 2019.

Larry Ford Banister, II
The Law Office of L. Ford Banister, II
PO Box 3514 PMB 23332
New York, NY 10008
United States
(212) 574-8017
ford@fordbanister.com

Charles Edward McElvenny
Law Offices of Charles E. McElvenny
120 N LaSalle St Suite 1200
Chicago, IL 60602
312 291 8330
charlie@cemlawfirm.com

Timothy Tiewei Wang
Ni, Wang & Massand, PLLC
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
(972) 331-4603
twang@nilawfirm.com

Daliah Saper
Saper Law Offices
505 N. LaSalle #350
Chicago, IL 60654
(312)527-4100
dsaper@saperlaw.com

John Yo-Hwan Lee
Lee & Breen LLC
188 Industrial Drive, Suite 403
Elmhurst, IL 60126
(312) 241-1420
jlee@leebreenlaw.com

Joon M Khang
KHANG & KHANG LLP
4000 Barranca Parkway, Suite 250
Irvine, CA 92604
(949) 419-3834
Email: joon@khanglaw.com

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
ARDC No. 6301067

*Counsel for Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd.*