**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HANGZHOU AOSHUANG E-COMMERCE CO, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>008FASHION, ET AL.<br><br>Defendants. | Case No. 1:19-cv-04565<br><br>Judge Martha M. Pacold<br><br>Mag. Judge Jeffrey Cole |

**DEFENDANTS'[1] MEMORANDUM REGARDING THE NUMBER AND REVENUES DERIVED FROM SALES OF ALLEGEDLY INFRINGING ITEMS**

**I.  INTRODUCTION AND SUMMARY OF THE ARGUMENT**

On January 10, 2020, the Court reduced the amount of the asset restraining provisions of the preliminary injunction orders now in place to $200,000 and directed the parties to submit briefs no later than January 14, 2020 describing the state of the record as it pertains to the revenues derived from sales of allegedly infringing items. [Doc. 236] Defendants have fully disclosed their sales and revenues of all allegedly infringing items. Plaintiff acknowledges

---

[1] The instant Memorandum is presented on behalf of Defendants No. 124-qixing; Def. No. 146-Star star in the sky; Def. No. 168--william&jack; Def. No. 41--fashion-shop113; Def. No. 186--zagoo; Def. No. 40--fashion-shop112; Def. No. 11--aztuckers; Def. No. 185--yuzebaby; Def. No. 30--dongyang743; Def. No. 39--ZOGAA3 Store; Def. No. 56--Greatmen Store; Def. No. 28--zoggaofficial store; Def. No. 82--ZOGAA SIX Store; Def. No. 25--ConvenientYourLife; Def. No. 180--yangxinyuan; Def. No. 55--Goodgoods8; Def. No. 173--Xiao wu big yards shop; Def. No.44--fengzifei; Def. No. 45--fengzihyt-4; Def. No. 134--Shirley Store; Def. No. 15-babyzaima; Def. No. 33-Encantador KK Store and Def. No. 182-Your Parcel Store. (hereinafter, "Defendants" or "Defendant Internet Stores")

having evidence of only minimal sales of allegedly infringing items. Plaintiff has the ability to confirm Defendants sales of allegedly infringing items.

## II. ARGUMENT

### a) Defendants Have Fully Disclosed Their Sales and Revenues of All Allegedly Infringing Items

On August 12, 2019, Zhou Wenbo submitted a detailed declaration in which he acknowledged ownership of the movant Defendant Internet Stores as well as an additional Wish store known as Viphen99. [Doc. 48 at ¶¶ 4-5] Zhou Wenbo admitted to having sold many shirts bearing the same image of a giraffe that Plaintiff bases the instant suit upon and produced extensive sales records showing the number of items sold into the United States and Illinois prior to Plaintiff's first claimed date of use in interstate or international commerce. [Id. at ¶¶ 8-10, Exs. 2-3] Zhou Wenbo also admitted to having sold a Giraffe Shirt to the United States through his Wish store Zagoo and attached the sales record. [Id. at 11, Ex. 4] To date, Plaintiff has not questioned the authenticity of these sales records nor has it moved to add the Wish store known as Viphen99 as a defendant in this suit, in spite of Zhou Wenbo having admitted to extensive sales of items which Plaintiff claims are infringing through it.

On November 6, 2019, Defendants timely made their initial MIDP disclosures. [Doc. 172] With their initial MIDP disclosures, Defendants provided sales records downloaded from the online retail platforms showing the total number of allegedly infringing items sold and the revenues derived therefrom for each Defendant Internet Store. On December 4, 2019, Defendants responded to Plaintiff's requests for production of documents and again produced the same documents provided to Plaintiff on November 6, 2019. On January 10, 2020, Defendants updated their MIDP disclosures to list, in response to Request No. 3, fifty separate categories of

documents which include the all documents produced on November 6 and December 4, 2019 as well as additional production made on January 10, 2020, a large part of which was either already on record or in the possession of Plaintiff. See attached Exhibit 1. Defendants' document production spans two-hundred and ninety-seven pages.[Id. at 4-8] Likewise, to date Plaintiff has not questioned the authenticity of Defendants' production, including sales records, nor did it rely upon these records in response to MIDP Request No. 5, instead choosing to rely entirely on information received from the Joom and Wish platforms in July of 2019. [Doc. 232-2 at 6]

  **b)**  **Plaintiff Acknowledges Having Evidence of Only Minimal Sales of Allegedly Infringing Items**

Plaintiff's response to MIDP Request No. 5 shows that in July of 2019 it confirmed sales of allegedly infringing items through the Joom and Wish platforms totalling $14,622.36. [Id.] As noted above, Plaintiff chose not to rely on Defendants' production of sales records made on December 4, 2019. [Id.] Surely, if these records indicated higher sales than those reported by Joom and Wish in July of 2019, Plaintiff would have placed them on record. Plaintiff also chose not include in its calculation of damages sales which Defendants admit to having made through the non-party Wish store Viphen99. Plaintiff does present, for the first time, a theory of lost profits, as opposed to direct profits, the basis for which is Plaintiff's claim that "On its own storefront, Plaintiff generally sells its shirts for $23, which would have earned Plaintiff $26,611 for its own sale of the 1,157 shirts partially reported by Joom and Wish." [Id.] Plaintiff chose not to place on record any evidence to support this claim. In fact, as of January 6, 2020, the single Wish storefront through which Plaintiff claims to operate showed that it offers Giraffe Shirts for

sale at $8 each. [Doc. 232 at 11, FN.3] As of date of filing of the instant memorandum, Plaintiff has lowered the price at which it offers Giraffe Shirts to $7 each.[2]

   c)  **Plaintiff Has the Ability to Confirm Defendants' Sales of Allegedly Infringing Items**

Defendants respectfully submit that, upon minimal reflection, the fallacious nature of Plaintiff's attempt to insert speculation in place of evidence and to shift the burden to Defendants to show what of their revenues did not derive from sales of allegedly infringing items could not be more apparent. At the time Plaintiff filed the instant suit on July 6, 2019, it had already completed an investigation in which it had identified listings for allegedly infringing items offered for sale on Defendants' online storefronts. [Docs. 1, 11, 16-26] Surely, being aware of these allegedly infringing listings, Plaintiff did not simply fail to review the remainder of Defendants' listings on each storefront to determine if these listings also infringed Plaintiff's purported intellectual property rights. On July 10, 2019, Plaintiff was granted an *ex parte* TRO which enjoined defendants from use of the Giraffe Mark and Giraffe Works. [Doc. 29] Going forward from July 10, 2019, assuming access to the internet, Plaintiff has had the ability to review each and every listing on Defendants' online storefronts to determine if the injunctive relief originally entered through the *ex parte* TRO has been adhered to. Plaintiff has made no allegation that any of the moving Defendants have, subsequent to entry of the *ex parte* TRO, offered for sale, much less sold, any items that infringe Plaintiff's purported intellectual property rights.

---

[2] See https://www.wish.com/merchant/5377056a34067e03e2f7f67a?&hide_login_modal=true. Retrieved on January 14, 2020.

While Plaintiff refers to the production it received from the platforms in July of 2019 as only "partially" disclosing sales, [Doc. 232-2 at 6] Plaintiff, who has enjoyed a broad grant of expedited discovery since entry of the *ex parte* TRO on July 10, 2019, [Doc. 29] states no reason why it might believe that the platforms did not provide complete disclosures, much less why Plaintiff has taken no action in light of this suggested set of circumstances to force the platforms to meet their expedited discovery obligations. Based on its most recent MIDP disclosures, in which it finally, and belatedly, presented a calculation of damages, it appears Plaintiff has not even bothered to seek additional production from the platforms since the platforms initially responded in July of 2019. [Doc. 232-2 at 6] Finally, in regards to Plaintiff's request that the Court simply assume that Defendants have made additional sales through some undisclosed online stores, an argument which Defendants submit is shown to be disingenuous by Plaintiff's having failed to amend its complaint to include Zhou Wenbo's Wish store, Viphen99, which Zhou Wenbo early acknowledged, under oath, having sold Giraffe Shirts through, any such offerings online are as accessible to Plaintiff as to Defendants. Were such listings to exist, Plaintiff could and should easily find them as part of its ongoing policing efforts.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully submit that the evidence now on record shows that the continuation of an asset restraint in any amount is unnecessary and inappropriate in the instant case.

(Date, Signature and Verification on the Following Page)

Respectfully submitted this 14th day of January, 2019.

/s/ L. Ford Banister, II  
Bar No. 5446539  
FORD BANISTER IP  
244 5th, Avenue, Ste. 1888  
New York, NY 10001  
Telephone: U.S No. 212-574-8107  
Email: ford@fordbanister.com

## **VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the statements of fact and law included in the foregoing memorandum are true and correct to the best of my knowledge and belief at the time of making the statements.

Executed on this, the 14th day of January, 2020 at Jinghong, Xishuangbanna Dai Autonomous Prefecture, China.

/s/ L. Ford Banister, II  
Bar No. 5446539  
FORD BANISTER IP  
244 5th Avenue, Ste. 1888  
New York, NY 10001  
Telephone: U.S No. 212-574-8107  
Email: ford@fordbanister.com
