IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANGZHOU AOSHUANG E-COMMERCE CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | No. 19 C 4565 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| 008FASHION, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs have filed a Motion to Compel defendants to fully and properly respond to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents. [Dkt. #282]. The motion was originally and incorrectly made before Judge Pacold, even though she had referred discovery matters here. [Dkt. #87]. She has sent the motion here. [Dkt. #284].

The requests involved in this case were served over four months ago on February 5, 2020, and defendants' response complied with some requests and objected to others. According to the plaintiff, the defendants repeatedly objected with general boilerplate objections, which as the motion contends quite correctly, are ineffectual and are equivalent to no objection at all. [Defendants' Motion at 5, ¶ 20]. *See Duracell U.S. Operations, Inc. v. JRS Ventures, Inc.*, 2018 WL 704686 (N.D.Ill. 2018); *Kelly v. Brd. of Ed. of City of Chicago*, 2012 WL 1108135, 2-3 (N.D.Ill. 2012). The parties then went back and forth for a number of months, exchanging the customary letters and emails and, as a bow to modernity, held a video conference. Nonetheless, there remained issues with some 13 requests the parties could not resolve, even though the requests did not seem very complicated.

Plaintiffs filed their Motion to Compel on June 12, 2020, and defendants were given until June 22nd to respond. [Dkt. #286]. In their response, the defendants claimed that the Motion to Compel was moot, and claimed that they served a draft of supplemental responses on the plaintiffs on Sunday, June 21st and asked plaintiffs to review them and respond by June 26th. [Dkt. #291]. But the motion remains pending – defendants' tardy offers and protestations to the contrary. For the following reasons, the plaintiffs' Motion to Compel Answers and Production in response to those requests [Dkt. #282] is granted. Moreover, whether the motion is moot or not, the plaintiffs are entitled to the reasonable expense fees they incurred in filing the Motion and may file a properly supported petition within seven days. Fed.R.Civ.P. 37(a)(5)(A)(movant entitled to reasonable expenses "[i]f the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed . . . ."). *See Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994). *See also Sambrano v. Mabus*, 663 F.3d 879, 881-82 (7th Cir. 2011); *United States v. Penn Central Transportation Co.*, 716 F.2d 954, 955 (2nd Cir. 1983).

While the fact that a docket with 6,300 pages worth of entries might suggest otherwise, this is a lawsuit about use of a small, silhouette giraffe logo. The discovery requests at issue are, not surprisingly, similarly basic, routine, and uncomplicated. The unwillingness to answer routine discovery exemplifies what prompted Judge Posner to lament: "protracted discovery, [is] the bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 542 (7th Cir. 2000). *See also Bond v. Utreras*, 585 F.3d 1061, 1067 (7th Cir. 2009). For example, Interrogatory 8 asks:

> Explain in detail how Defendants came to develop, design, or create any giraffe-themed mark including, without limitation, the giraffe-themed mark used ornamentally on shirts screenshots of which Defendants have disclosed to Plaintiff on WENBO000280. In doing so, provide the identity of the individual or entity

> credited with creating any such giraffe-themed mark, the length of time involved in said creation, and identify any iterations not utilized by Defendants.

[Dkt, # 282-2]. The question is obviously relevant, and defendants did not claim otherwise. Instead, they objected that plaintiff's interrogatories were in excess of the limit of 25 and repeated the formulaic response that the question was "vexatious and cumulative." And, as is often the custom where objections are lodged to discovery, that it was "unduly burdensome." Similarly, defendants lodged identical, conclusory, uninformative and unfocused objections, or nearly so, to all the interrogatories at issue.

The applicable Rule limits a party to "no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). At the time of defendants' response, the plaintiffs were only up to 14. While a number of the interrogatories ask for lists of items, these do not constitute discrete subparts as they are devoted to single sets of information or themes. *See Jacks v. Directsat USA, LLC*, 2011 WL 382858, at *2 (N.D. Ill. 2011); *United States ex rel. Proctor v. Safeway, Inc.*, 2018 WL 5973306, at *3 (C.D. Ill. 2018)(collecting cases). Accordingly, the objection is overruled.

So are the other objections. Unexplained, conclusory objections, like "vexatious" or "unduly burdensome," which the defendant has reflexively raised against both interrogatories and document requests, are tantamount to no objection at all and constitute a waiver of any meaningful, amplified objection along those lines that might have been properly raised had there been explanation instead of mere conclusions. *See, e.g., Zambrano v. Sparkplug Capital, LLC*, 2020 WL 1847396, at *1 (N.D. Ill. 2020); *Gevas v. Dunlop,* 2020 WL 814875, at *1 (N.D. Ill. 2020); *Harris Davis Rebar, LLC v. Structural Iron Workers Local Union No. 1, Pension Tr. Fund*, 2019 WL 454324, at *4 (N.D. Ill. 2019); *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 2017 WL 5890923,

at *2 (N.D. Ill. 2017) (collecting cases); *Buonauro v. City of Berwyn*, 2011 WL 3754820, at *5 (N.D. Ill. 2011); *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 306–07 (N.D.Ill.1997). An unamplified assertion that a question is "vague" is, often, similarly meaningless. Here, the plaintiffs certainly could have simply said "defendants." Why they did not would seem to serve no useful purpose. But the defendants certainly knew they are the "opposers," so the objection appears to be pointless and served only as a tool to avoid answering the question.

Beyond that, the reasons defendants did not apply for their own giraffe trademark are a proper question in this case, whether they touch on what defendants will claim or contend or not. *See Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006)(recommending use of, and collecting cases on, contention interrogatories). And the plaintiff is entitled to know what pre-sale process, if any, the defendants used to ensure they were not infringing on any copyrights or trademarks. The processes, whether set forth in employee manuals, seem unlikely to qualify as trade secrets. *See, e.g., Zahran v. Trans Union Corp.*, 2002 WL 31010822, at *3 (N.D. Ill. 2002)(rejecting trade secret claim where procedures set forth in employee manual "are not rocket science."). But, in any event, there is a Protective Order in place [Dkt. # 151], and there is no reason to further delay discovery in this case.

In addition to the usual objections already discussed, as to the requests for production, the defendants, in the main, reflexively objected that the requests are disproportionate to the needs of the case. That is an objection that unfortunately has become commonplace in federal litigation, even though it is patently inadequate, when, as here, it is not explained or supported beyond the mere utterance of the phrase. Unexplained invocation of tidy formulas do not solve problems with necessary intractable variables that present themselves in federal copyright litigation. In this case the information sought goes to the heart of the case and seeks information that only the defendants

4

know. What Justice Breyer said in *Behrens v. Pelletier,* 516 U.S. 299, 324 (1996)(dissenting opinion), has applicability here: "[M]eaning in law depends upon an understanding of purpose. Law's words, however technical they may sound, are not magic formulas; they must be read in light of their purposes, if we are to avoid essentially arbitrary applications and harmful results." The drafters of the Federal Rules of Civil Procedure did not intend to allow parties to avoid providing potentially relevant information by allowing invocation of Rule 26(b)(1) as a talisman. Discovery is not a game, but rather is a process designed to make a trial less a game of blindman's bluff and more a fair contest with basic issues and facts disclosed to the fullest practicable extent. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682-83 (1958). *See also Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, 2007 WL 781250, *1 (N.D.Ill. 2007). The days of "trial by ambush" are long gone. *See* cases cited in *Wimo Labs, LLC v. Polyconcepts N.A., Inc.*, 358 F.Supp.3d 761 (N.D.Ill. 2019).

The plaintiff's motion is granted and the defendant shall fully respond in 14 days.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/23/20