IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hangzhou Aoshuang E-Commerce Co., Ltd. | ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-04565 |
| | ) ) | Judge Martha M. Pacold |
| v. | ) ) | |
| ainiyishengyishi, et al. | ) ) | Mag. Judge Jeffrey Cole |
| | ) ) | |
| Defendants. | ) | |

**Plaintiff's Motion for Attorneys' Fees**

**NOW COMES** Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd. ("Hangzhou"), by and through its counsel, and pursuant to this Court's Order [Dkt. 294] and Rule 37(a) of the Federal Rules of Civil Procedure hereby requests that this Court award reasonable attorneys' fees associated with Plaintiff's Motion to Compel [Dkt. 282] discovery from certain Defendants.[1]

---

[1] For the purposes of this letter, "Defendants" means Def. No. 124-qixing; Def. No. 146-Star star in the sky; Def. No. 168--william&jack; Def. No. 41--fashion-shop113; Def. No. 186--zagoo; Def. No. 40--fashion-shop112; Def. No. 11--aztuckers; Def. No.185--yuzebaby; Def. No. 30--dongyang743; Def. No. 39--ZOGAA3 Store; Def. No. 56--Greatmen Store; Def. No. 28--zoggaofficialstore; Def. No. 82--ZOGAA SIX Store; Def. No. 25--ConvenientYourLife; Def. No. 180--yangxinyuan; Def. No. 55-Goodgoods8;Def. No. 173--Xiao wu big yards shop; Def. No.44--fengzifei; Def. No. 45--fengzihyt-4; Def. No. 134--Shirley Store; Def. No. 15-babyzaima; Def. No. 33-Encantador KK Store; and Def. No. 182-Your Parcel Store.

I. <u>**Introduction**</u>

For the second time, Plaintiff has had to request the Court to intervene in the discovery process and compel Defendants to produce evidence which is relevant to Plaintiff's claims and even Defendants' defenses thereto. Plaintiff brings this Motion for Attorneys' Fees as provided by Rule 37(a) and Judge Cole's Order granting Plaintiff's Motion to Compel. For the reasons set forth herein and in the interest of deterring future similar conduct, the Court should award Plaintiff its reasonable fees incurred in compelling Defendant's compliance with federal rules.

II. <u>**Procedural History**</u>

On February 5, 2020, Plaintiff served its Second Set of Interrogatories and Requests for Production of Documents on Defendants. [Dkt. 282-1]. While Defendants responded to those written requests, the responses were deficient. [Dkt. 282-2]. On March 19, 2020, Plaintiff first sent Defendants correspondence pursuant to Fed. R. Civ. P. 37 to address those deficiencies and later, on April 6, 2020 and in the spirit of Local Rule 37.2, requested again when a supplementation would be forthcoming and when Defendants would be available for a telephonic meet-and-confer. [Dkts. 282-3, 282-4]. Defendants responded that the requested supplementation was shortly forthcoming. [Dkt. 282-5]. Nearly three weeks later, Defendants changed tack and dismissed Plaintiff's repeated requests. [Dkt. 282-6]. On May 9 and May 21, 2020 Defendants corresponded with Plaintiff on unrelated matters yet continued to neglect to supplement their responses. [Dkts. 282-7, 282-8]. On May 21, 2020, Plaintiff reminded Defendants of their discovery obligations and again requested they identify a time to meet-and-confer over the phone as provided-for in the Local Rule 37.2 and Judge Cole's standing order, and Judge Cole December 3, 2019 Order. [Dkt. 203 p. 4, 282-9]. Defendants ambiguously responded and declined to confer over the phone. [Dkt. 282-10]. Five days later, Defendants agreed to meet-and-confer via videoconference to discuss, cryptically among others, discovery matters. [Dkt. 282-11]. While that videoconference did take place on May 27, 2020,

Defendants refused to respond to Plaintiff's requests therein concerning Defendant's outstanding obligations, and in the course of subsequently disputing the characterization of the videoconference again refused to identify a timeframe in which Defendants would supplement their responses. [Dkts. 282-14, 282-15, 282-16].

On June 12, 2020, Plaintiff moved this Court to Compel Defendants' full and proper response to Plaintiff's Second Set of Interrogatories and Request for Production of Documents. [Dkt. 282]. Over Defendants' objection [Dkt. 291], the Court granted Plaintiff's Motion to Compel and held that Plaintiff was "entitled to the reasonable expense fees [it] incurred in filing the Motion." [Dkt. 294, p. 2].

### III. Argument

#### a. Legal Standard

Federal Rules provide that if a motion to compel is "is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Fee shifting under this rule is automatic, and the rule "presumptively requires every loser to make good the victor's costs." Rickels v. City of S. Bend, Ind., 33 F.3d 785, 786 (7th Cir. 1994); Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc., 259 F.R.D. 323, 327 (N.D. Ill. 2009).

#### b. An award of all incurred fees and costs is justified.

An award of all fees and costs incurred in the amount of $8,417.50 is justified. Plaintiff calculates these fees and costs by multiplying the number of hours reasonably expended in support of the Motion to Compel [Dkt. 282] by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Johnson v. GDF, Inc., 668 F.3d 927, 931 (7th Cir. 2012) ("In a fee shifting scenario,

the party seeking fees only may recover for the hours that were reasonably expended."). An itemization of the fees and costs is attached hereto as Exhibit A. Moreover, because Plaintiff's motion was granted *in toto*, Plaintiff's attorneys should recover their total fees and costs billed on the motion. Hensley, 461 U.S. at 435-436 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified…Again, the most critical factor is the degree of success obtained."); *Cf.*, Belcastro v. United Airlines, Inc., No. 17-CV-01682, 2020 WL 1248343, at *4 (N.D. Ill. Mar. 15, 2020) ("But where the motion is granted in part and denied in part, the court has more discretion and may apportion reasonable expenses between the parties."). In the absence of substantial justification for the opposition to discovery efforts, expenses incurred in obtaining the compel order should encompass all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly. Aerwey Labs., Inc. v. Arco Polymers, Inc., 90 F.R.D. 563, 565-66 (N.D. Ill. 1981); Catapult Commc'ns Corp. v. Foster, No. 06 C 6112, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009) ("If only the original motion to compel were compensable, the fee-shifting provision of Rule 37 would have little effect."); Fed. R. Civ. P. 37(a)(4) advisory committee's note on 1970 Amendments.

      As the Court noted, in response to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents, Defendants "repeatedly objected with general boilerplate objections" and left Plaintiff with 13 requests unsatisfied despite them being "basic, routine, and uncomplicated." [Dkt. 294, pgs. 1-2]. The Court found no basis for Defendants' objections, overruling them as being reflexive, conclusory, unfocused, and mere "tidy formulas" invoked to avoid getting "to the heart of the case and seeks information that only the defendants know." Id., at

pgs. 3-5. This behavior protracted over four months justifies a full award commensurate with the success of Plaintiff's Motion. Hensley.

### c. Plaintiff's request is supports by the best evidence of reasonable fees.

The Seventh Circuit has observed that the hourly rate used in a fee shifting case should reflect rates that "similar experienced attorneys in the community charge paying clients for similar work." Mathur v. Bd. of Trustees of S. Illinois Univ., 317 F.3d 738, 743 (7th Cir. 2003). However, the best evidence of the reasonable hourly rate for an attorney is the rate he or she commands in the market from paying clients for similar work. Pickett v. Sheridan Health Care Ctr., 813 F.3d 640, 647 (7th Cir. 2016); Jeffboat, LLC v. Dir., Office of Workers' Comp. Programs, 553 F.3d 487, 490 (7th Cir. 2009), citing, Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 555 (7th Cir. 1999) ("[O]ur cases have consistently recognized that an attorney's actual billing rate for comparable work is presumptively appropriate for use as a market rate when making a lodestar calculation."). Here, the rates at which Plaintiff seeks to recovery its attorneys' fees are the standard rates for the attorneys who performed the work. *See*, Declaration of Adam E. Urbanczyk ¶ 4, Ex. A; Declaration of Carla E. Carter ¶ 3, Ex. A; Declaration of Joshua C. Lee ¶ 2, Ex. A.

### d. Defendants have not indicated that they will agree to this Motion.

Pursuant to the Court's Order, Plaintiff provided the itemization of fees incurred to determine whether Defendants' would oppose this Motion. As of the filing hereof, Defendants have not yet indicated that they would agree to the relief sought thereunder. [Dkt. 297 ¶ 2]; Urbanczyk Decl., ¶ 3, Ex. B.

## IV. Conclusion

Recovery of fees under Rule 37(a) is not technically a sanction, through it is "meant to deter the losing party from violating the discovery rules in the future." Cage v. Harper, No. 17-CV-7621, 2020 WL 1248685, at *22 (N.D. Ill. Mar. 16, 2020) (denying motion to reconsider grant of motion


for fees under Rule 37(a)(5)(A)). This is the second time Plaintiff has needed to obtain the Court's assistance in compelling Defendants to comply with Plaintiff's reasonable discovery requests. [Dkt. 190]. Plaintiff respectfully requests that the Court award attorneys' fees and costs of at least $8,417.50 as provided for under Rule 37(a) to deter Defendants from continuing to frustrate the discovery process and allow the case to proceed on its merits.

Dated  June 30, 2020

                                            Respectfully submitted,

                                            /s/Adam E. Urbanczyk
                                            Adam E. Urbanczyk
                                            AU LLC
                                            564 W. Randolph St. 2nd Floor
                                            Chicago, IL 60661
                                            (312) 715-7312
                                            (312) 646-2501 (fax)
                                            adamu@au-llc.com
                                            ARDC No. 6301067

                                            Carla E. Carter
                                            Davis & Carter, LLC
                                            53 W. Jackson Blvd., Suite 1504
                                            Chicago, IL 60604
                                            (312) 802-3434
                                            ccarter@daviscarterlaw.com

                                            *Counsel for Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd.*

**Certificate of Service**

I hereby certify that a true and correct copy of this Motion for Attorneys' Fees will be sent via the Court's e-filing system to counsel of record this June 30, 2020.

Larry Ford Banister, II
The Law Office of L. Ford Banister, II
PO Box 3514 PMB 23332
New York, NY 10008
United States
(212) 574-8017
ford@fordbanister.com

Charles Edward McElvenny
Law Offices of Charles E. McElvenny
120 N LaSalle St Suite 1200
Chicago, IL 60602
312 291 8330
charlie@cemlawfirm.com

Timothy Tiewei Wang
Ni, Wang & Massand, PLLC
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
(972) 331-4603
twang@nilawfirm.com

Carla E. Carter
Davis & Carter, LLC
53 W. Jackson Blvd., Suite 1504
Chicago, IL 60604
(312) 802-3434
ccarter@daviscarterlaw.com

Daliah Saper
Saper Law Offices
505 N. LaSalle #350
Chicago, IL 60654
(312)527-4100
dsaper@saperlaw.com

John Yo-Hwan Lee
Lee & Breen LLC
188 Industrial Drive, Suite 403
Elmhurst, IL 60126
(312) 241-1420
jlee@leebreenlaw.com

Joon M Khang
KHANG & KHANG LLP
4000 Barranca Parkway, Suite 250
Irvine, CA 92604
(949) 419-3834
Email: joon@khanglaw.com

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com
ARDC No. 6301067
*Counsel for Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd.*