IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANGZHOU AOSHUANG E-COMMERCE CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | No. 19 C 4565 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| 008FASHION, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Earlier, I granted the plaintiff's Motion to Compel production of certain information that the defendants had refused to turnover to the plaintiff. [Dkt. ##282, 293]. Pursuant to Rule 37(a)(5), Federal Rules of Civil Procedure, the plaintiff then sought an award of $8417.50 in attorneys' fees in connection with its successful Motion to Compel. [Dkt #300]. The Motion for Fees correctly noted that Rule 37(a)(5) is a "fee shifting" provision and not technically a "sanctions" provision – in the sense, for example, that Rule 11, Federal Rules of Civil Procedure is. Under Rule 37, attorneys' fees, if otherwise appropriate – and assuming the challenged refusal was not "substantially justified" – *must* be awarded following the granting of a Motion to Compel discovery.[1] The Motion for Fees cited a recent decision in the Northern District of Illinois that concluded, after an in-depth analysis, that a magistrate judge has the authority to award attorneys' fees as a decisional matter

---

[1] Rule 37(a)(5) provides that "the court *must*... require the party... whose conduct necessitated the motion... to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." (Emphasis supplied).

under Rule 37(a)(5) and 28 U.S.C. §636(b)(1)(A), and not merely to issue a Report and Recommendation under §636(b)(1)(B) to the district court recommending how the magistrate judge believes the district court should rule. In other words, a magistrate judge was not limited to issuing a Report and Recommendation, but could "hear and determine" the fee matter in the first instance. 28 U.S.C. § 636(b)(1)(A). *See Cage v. Harper,* 2020 WL 1248685 (N.D.Ill. 2020).[2] *Cage* was not the first decision in the Northern District of Illinois to reach that conclusion, as the lengthy review in *Cage* reveals. Among the cases was one decided earlier this year by Judge Wood in which she concluded, as had other judges in this District, that a fee determination in a discovery matter by a magistrate judge was *not* a dispositive matter, reviewable under Rule 72(b), but rather involved fee shifting under Rule 37 and could be decided by a magistrate judge, with review pursuant to Rule 72(a) and not 72(b). *Belcastro v. United Airlines, Inc.*, 2020 WL 1248343, at *4 (N.D. Ill. 2020). Hers was not the first or the only such decision in this District.[3]

The defendants here have concluded that "it is of no consequence" that I have expressed the view that a magistrate judge "should have the authority to enter such sanctions. [sic]" [Dkt. #307 at 4]. In their view, since I had not *ruled* that way previously, and had, in fact, come to a different conclusion eight years ago in *Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424 (N.D. Ill. 2012), I could not, in this case, change my mind and thus could only issue a Report and Recommendation

---

[2] 28 U.S.C. §636(b)(1)(A) empowers a district judge to designate a magistrate judge to "hear and determine *any* pretrial matter" except for a number of designated items listed in that statutory subsection. (Emphasis supplied).

[3] A number of prior cases in this District had come to the same conclusion. They are collected and discussed in *Cage*. *See also* Jeffrey Cole, Illinois Institute for Continuing Legal Education, Federal Civil Practice, Chapter 10 - Practicing Before United States Magistrate Judges, § 10.18 (2020 ed.). *See also id.* (2015 ed.). These apparently would be included in what the defendants referred to as reference to "works of legal commentary" that I have authored.

to Judge Pacold which she would have to review *de novo* under Rule 72(b) and 28 U.S.C. §636(b)(1)(C). The ultimate, unspoken underpinning of their Response was that chronology, not correctness, was outcome-determinative in this case and that I was stuck with an earlier ruling and could not change my mind. Of course, the beneficiaries of any error were the defendants in this case. Nothing, of course, was cited to support the defendants' conclusion. But "saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). Certitude is not a reliable test of certainty. *United States v. Bartlett*, 567 F.3d, 906 (7th Cir. 2009). *See also* Holmes, *Natural Law*, 32 Harv.L.Rev. 40, 41 (1918).

The distinction between fee shifting under Rule 37 and sanctions – which *Cleversafe* did not fully appreciate – was recognized by Judge Easterbrook long ago in *Rickels v. City of South Bend, Indiana*, 33 F.3d 785 (7th Cir. 1994):

> 'The great operative principle of Rule 37(a)(4) is that the loser pays.'... Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims.[4]

*Id.* at 786-87. (Parenthesis in original). The point was again made in *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000):

> We held in *Tenner v. Zurek*, 168 F.3d 328, 329–30 (7th Cir.1999), that § 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party. An opponent's bad faith may strengthen the position of a party that obtained a remand, *but it is not essential to an award, any more than under the multitude of other fee-shifting statutes*. Chrysler contends that we should exercise de novo review; this argument is incompatible with many decisions requiring deferential review of awards under both fee-shifting and sanctions statutes.

*Id.* at 410. (Emphasis supplied).

---

[4] *Rickels* was cited in the plaintiff's Motion for Attorneys' Fees. [Dkt. #300 at 3].

3

In sum, "fee shifting is generally not deemed a sanction." *See Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013); *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 455 (7th Cir. 2005). *See also Knapp v. Evgeros, Inc.,* 2016 WL 2755452, at *1 (N.D. Ill. 2016). And thus, the Seventh Circuit's prohibition against magistrate judges being allowed to issue "sanctions" does not apply to the fee shifting involved in Rule 37 decisions.[5]

The defendants' anguished response to the Motion for Fees focused not on the concept of fee shifting under Rule 37(a)(5)(A). [Dkt. #307 at unnumbered p.2].[6] Instead, the defendants argued that since the Seventh Circuit had never "squarely decided" that a magistrate judge had the authority to "hear and determine" a fee shifting question, and in light of *Cleversafe* they concluded that I did not have the authority to award fees and that I could only *recommend* to a district judge that fees be awarded under Rule 37(a)(5). The fact that every other Circuit in the country – and a number of cases within the Northern District of Illinois – had held that a magistrate judge could "hear and determine" a Rule 37(a)(5) fee issue was of no moment to the defendants.

In their odd view, I had to continue to adhere to *Cleversafe*, no matter how erroneous, with the defendants being the beneficiaries of any continued error. The argument is, to put the best face on it, misguided and ultimately pernicious. It ignores the fundamental axiom of experience that "'[w]isdom too often never comes, and so one ought not to reject it merely because it comes late.'" *Watson v. United States*, 552 U.S. 74, 84 (2007)(Ginsburg, J., concurring). Mistakes are common; everyone, including judges, makes them. *Illinois v. Allen*, 397 U.S. 337, 347 (1970); *Fujisawa*

---

[5] *Cleversafe's* error was in equating fee awards with sanctions which the Seventh Circuit has concluded could not be issued by a magistrate judge.

[6] The defendants did not number the pages of their Response.

4

*Pharm. Co. Ltd. v. Kapoor*, 115 F.3d 1332 (7th Cir. 1997). But not only does the law frown on playing "gotcha" and relying on a mistake to gain an opportunistic advantage, *Architectural Metal Sys., Inc. v. Consolidated Sys, Inc.* 58 F.3d 1227, 1231 (7th Cir. 1995), but – thankfully – we "must bow to 'to the lessons of experience and the force of better reasoning.'" *Solorio v. United States*, 483 U.S. 435, 450 (1987). *See also* Frankfurter, The Case of Sacco and Vanzetti, 108 (Universal Library ed. 1962)("All systems of law, however, wise, are administered through men, and therefore may occasionally disclose the frailties of men. Perfection may not be demanded of law, but the capacity to correct errors of inevitable frailty is the mark of a civilized legal mechanism.").

Lest there be any confusion, I conclude that in this and like cases a motion for attorneys' fees under Rule 37 is not a "dispositive matter" within the meaning of Rule 72, and that a magistrate judge has the authority to "hear and determine" a request for attorneys' fees following a successful discovery motion. *See* Rules 37 and 72(a), Federal Rules of Civil Procedure. Indeed, 28 U.S.C. §636(b)(1)(A), in all encompassing language, empowers a judge to designate a magistrate judge "to hear and determine *any* pretrial matter pending before the court," except for matters itemized in §636(b)(1)(A), none of which are involved here. (Emphasis supplied). A magistrate judge is *not* limited to issuing a nonbinding Report and Recommendation in a case like this, reviewable only under Rule 72(b). The defendants' contrary argument is mistaken, as is the unsupported and quite illogical contention that I am bound by what I had earlier said in a case now almost a decade old and not involving the defendants or even their lawyers.

## ARGUMENT

### A.

The plaintiff's simple and straightforward Motion for Fees met with a needlessly prolix and

distracting response, titled "Defendants' Motion for Reconsideration and to Vacate, in Part, the Order on Plaintiff's Motion to Compel, and to Stay Briefing and Decision on Plaintiff's Motion for Attorney Fees and Incorporated Memorandum of Law." [Dkt. #302]. The Response insisted that I was bound by observations in a 10 year old case, and that I could not now "hear and determine" the issue of whether the plaintiff was entitled to legal fees under Rule 37. All I could do, they said, was to issue a nonbinding Report and Recommendation to Judge Pacold, which she had to review *de novo* under Rule 72(b) and 28 U.S.C. § 636(b)(1)(B). However, it conceded there was a split of authority on the issue in the Northern District of Illinois – but not anywhere else – on the question of whether a magistrate judge in this district could "hear and determine" the question of fees following a successful motion to compel. [Dkt. #302 at 5].

My 2020 IICLE Chapter on "Practicing Before Magistrate Judges" acknowledged, as did the 2015 IICLE edition of that Chapter, that there was a split of authority within the Northern District of Illinois regarding a magistrate judge's authority to "hear and determine" a fee question arising from a discovery violation:

> *Other* district judges in the Northern District, without mentioning *Retired Chicago Police Ass'n, supra*, have concluded that a monetary sanction [sic] pursuant to Rule 37 does not dispose of a claim or defense and that an award of fees is thus a nondispositive matter under [28] §636(b)(1)(A) and Fed.R.Civ.P. 72(a), reviewable under the clearly erroneous [or] contrary to law standard.[7]

*See* the itemization and discussion in *Cage, supra* and the 2020 edition of IICLE, Practicing Before Magistrate Judges. The very next sentence stated, "[t]hese decisions seem clearly right."[8] The

---

[7] It was an error to say that a monetary award for a discovery violation was a "sanction" in the sense referred to by *Retired Chicago Police Assn.* which said that magistrate judges do not have authority to issue sanctions.

[8] This was three years *after* the *Cleversafe* decision.

6

Chapter went on to cite: "*See, e.g.*, *Berry v. Ford Modeling, Inc.*, 2011 WL 3648574, *3 (N.D.Ill. 2011) (Dow, J.) ("Because the monetary sanctions imposed by Judge Mason punishing Plaintiff for impeding the January 5, 2011 deposition are not case dispositive, Fed.R.Civ.P. 72(a) provides the appropriate standard of review."); *Royal Maccabees Life Insurance Co. v. Malachinski*, 2001 WL 290308, *7 (N.D.Ill. 2001)(Guzman, J.). *But compare Mintel International Group, Ltd. v. Neergheen*, 636 F.Supp.2d 677 (N.D.Ill. 2009) (Dow, J.)."

The current reality in the Northern District of Illinois is that magistrate judges routinely award attorneys' fees under Rule 37 in connection with their granting of discovery motions, and they do so in the firm belief that the fee awards are nondispositive matters that they are authorized to "hear and determine" and that review by the district court will be under the deferential standard prescribed in Rule 72(a) for nondispositive matters (*i.e.* those not dispositive of a party's claim or defenses).

### B.

Following my denial of the Motion for Reconsideration and to Vacate [Dkt #303], I gave the defendants to July 8, 2020 to respond to the fee petition. [Dkt. #303]. There then followed a motion to vacate my discovery Order "or in the Alternative, to Refer for Report and Recommendation and Incorporated Memorandum of Law." [Dkt. #304]. The defendants have insisted they were severely harmed as a consequence of my alleged "sharp and unexplained departure" from my "previously well defined and reiterated positions" and that my disposition of the fee application, "whether correctly or incorrectly [decided], may be viewed as capricious and the product of preference rather than precedence." [Dkt. #304 at 7].

7

However, the defendants conceded that "in [my] previous decisions and works of legal commentary [I]... expressed [my] belief that [magistrate judges] should have the authority to enter such sanctions [sic]." [Dkt. #304 at 6].[9] Actually, as Judge Easterbrook emphasized in *Rickels*, *supra,* Rule 37 does not deal with "sanctions" in the classical and commonly understood use of the term. It is everywhere recognized that Rule 37 is a fee shifting provision, not a provision designed to punish a party. Indeed, if the objection to the discovery was substantially justified, there will be no fee shifting even if the objector loses. And it bears repeating that in my chapter on Magistrate Judge Practice in the 2020 edition of IICLE, I emphasized that those courts that have awarded legal fees in discovery disputes pursuant to the fee shifting provisions of Rule 37 were "clearly right." Illinois Institute for Continuing Legal Education, Federal Civil Practice, Chapter 10 - Practicing Before United States Magistrate Judges, § 10.18. (2020 ed.).

Instead of dealing with the fee award in this case on the merits, the defendants filed an 8-page Motion to stay briefing or for an extension to respond to the plaintiff's quite simple and straightforward Motion for Attorneys Fees. [Dkt. #305]. I denied that motion [Dkt. #306], and the defendants were required to respond to the fee petition. [Dkt. #307].

## C.

The plaintiff's Motion to Compel [Dkt. #282] successfully sought compliance with a number of rather routine discovery requests.[Dkt. #293]. Thereafter, the plaintiff sought an award of attorneys' fees. Thus, legitimate issues for the defendants were: 1) whether they could show that the

---

[9] It bears repeating that the correctness of my holding in this case was of no significance to the defendants. All that mattered to them and their lawyers was whether there had been an earlier expression of opinion by me contrary to the holding in this case regarding the authority of a magistrate judge to "hear and determine" a fee question under Rule 37. And if there had been, that was the beginning and end of the matter.

8

plaintiff filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; 2) the nondisclosure, response, or objection was substantially justified; or 3) other circumstances that would make an award of expenses unjust. Finally, the plaintiff was required under Rule 37 to show that the fee sought was reasonable. The defendants do not argue that their nondisclosure was justified or that other circumstances made the fee award unjust. As a result, any arguments that might have been raised are waived. *Tuduj v. Newbold*, 958 F.3d 576, 579 (7th Cir. 2020); *Shipley v. Chicago Bd. of Election Commissioners*, 947 F.3d 1056, 1063 (7th Cir. 2020); *Sauk Prairie Conservation All. v. United States Dep't of the Interior*, 944 F.3d 664, 673 (7th Cir. 2019).

The defendants chose instead to argue that no fee should be awarded because the plaintiff filed its Motion before attempting to confer in good faith with the defendants. [Dkt. #307, at 7-10]. The argument is baseless. In its Motion, the plaintiff provided a detailed record of its efforts to confer in good faith with the defendants. These began on March 19th with a letter to defendants listing the claimed discovery deficiencies and requesting a conference. There ensued a back and forth between the parties, which included defendants indicating that plaintiff had its own deficiencies to correct. The upshot is that several email exchanges culminated in the parties having a Zoom meeting – which defendants' counsel declined to record – on May 27th, during which defendants' counsel refused to address the deficiencies in defendants' discovery production. [Dkt. ## 282-3-282-14]. That obduracy makes a mockery out of the purposes that underlie Local Rule 37.2.

Defendants' counsel also refused to agree to or revise the Plaintiff's proposed joint statement of their efforts to confer with defendants' counsel. Instead, on June 8th, defendants' counsel filed before Judge Pacold a "Motion To Terminate Discovery Supervision, for Entry of a Pre-trial Order, for an Order Requiring That Plaintiff Preserve Certain Evidence and for Limited Expedited

9

Discovery." [Dkt. #278]. Not surprisingly, the defendants' lawyer said: "As Defendants have moved to terminate the referral to the magistrate, we will request that Judge Cole defer further proceedings until this motion is granted." [Dkt. #282-18]. "Gotcha." The supporting memorandum [Dkt. #279], filed a day later, was as rambling as the title of the motion, and exceeded *by 10 pages – of course without leave of court –* the 15-page page limit on the length of briefs imposed by Local Rule 7.1.[10] Judge Pacold denied the request to terminate the referral. [Dkt. #284]. Clearly, plaintiff did all it could to comply with Local Rule 37.2 and my Order of December 3, 2019. [Dkt. #203, at 5].

The defendants' course of action once the plaintiff filed its fee petition on June 30th. [Dkt. #301] is revealing. On July 1st, the defendants filed a 14-page "Motion for Reconsideration and to Vacate, in Part, the Order on Plaintiff's Motion to Compel, and To Stay Briefing and Decision on Plaintiff's Motion For Attorney Fees and Incorporated Memorandum of Law." [Dkt. #302]. I denied the Motion and gave the defendants until July 8th to respond to plaintiff's fee petition. [Dkt. #303].[11] Instead, defendants' counsel chose to balk at briefing the simple issues involved and instead filed two additional motions: a 15-page Motion, cumbersomely titled: "Fed.R.Civ.P. 72(a) Motion to Vacate, in Part, Magistrate's Discovery Order, Or, in the Alternative, To Refer for Report and Recommendation And Incorporated Memorandum of Law." The motion was made before Judge Pacold on July 3rd. [Dkt. #304]. Additionally, a "Motion to Stay Briefing and Decision Or, in the Alternative, for an Extension of Time to Respond to Plaintiff's Motion for Attorney's Fees and

---

[10] In varying contexts, courts have disapproved ignoring page limitations in briefs and have disapproved various stratagems to avoid page limitations. *See, e.g., THI of New Mexico at Valle Norte, LLC v. Harvey,* 527 Fed.Appx. 665, 671–72 (10th Cir.2013).

[11] The defendants' motion illustrates why motions for reconsideration are disfavored. *Goplin v. WeCONNECT, Inc*., 893 F.3d 488 (7th Cir. 2018); *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990).

Incorporated Memorandum of Law" was filed before me on July 6th. [Dkt. #305].

I denied the second Motion and left the briefing schedule intact, noting the ample time defendants' counsel had to file three lengthy memoranda, totaling 38 pages between July 1st and July 6th. That amount of time would certainly have been adequate to respond to a single, routine fee petition. [Dkt. #306]. In any event, the filing of motions intended to delay addressing a fee petition – and that is undeniably what is involved here – cannot absolve defendants or their counsel of discovery obligations under the Federal and Local Rules or effectively conceal what underlay their labored efforts.

### D.

Finally, defendants briefly and unconvincingly argue against the amount of fees sought.[12] Plaintiff's counsel supports the rates charged – $325 and $400 per hour – with invoices submitted to clients for similar work. The Seventh Circuit generally regards this as the best evidence of the market rate for such work *See, e.g., Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014); *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012).[13] But it is not the only evidence of reasonableness, *see Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008), and that standard is a bit demanding for present purposes. Such a standard would – especially in a case as unfortunately contentious as

---

[12] Defendants complain that the parties did not exchange information under Local Rule 54.3. [Dkt. #307, at 12 n.4]. While such an exchange can certainly be useful, that provision is not necessarily applicable to discovery sanctions.

[13] While the court has, in some instances, gone further and demanded a showing of actual payment by the client, *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008), that's a bit demanding for our purposes here, and such a standard would – especially in a case as contentious as this one – necessarily lead to a battle over whether a fee was paid and how much of it was paid. As such, we follow the line of cases exemplified by *Montanez* and *Johnson*, as well as the Supreme Court's repeated admonition that fee petitions should not evolve into satellite litigation. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988 (2016); *City of Burlington v. Dague*, 505 U.S. 557, 566 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

this one – necessarily lead to a battle over whether a fee was paid and how much of it was paid and the reasons why it may not have been paid in full (if that was the case). Moreover, neither the Seventh Circuit nor any other court has held that that is the necessary and indispensable evidence of reasonableness in all cases. Thus, we follow the body of cases exemplified by *Montanez* and *Johnson*, as well as the Supreme Court's repeated admonition that fee petitions should not evolve into satellite litigation. *Kirtsaeng v. John Wiley & Sons, Inc.*, _U.S._, 136 S. Ct. 1979, 1988 (2016); *City of Burlington v. Dague*, 505 U.S. 557, 566 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Given all the circumstances, I find the rate charged to be reasonable.

The time plaintiff's counsel spent on this matter is also reasonable. Some of the billed times – 14 hours for the motion to compel and nearly 6 hours for the fee petition – may seem a trifle excessive in another setting with different facts. But we need not and ought not concern ourselves with hypotheticals based on other circumstances or trifles at the margins – especially given the history of this case and the way it has been litigated. The defendants can hardly be heard to complain about actions that were caused by their misconduct and that of their lawyer.

We must not forget that:

> Lawyers do not come from cookie cutters. Some are fast studies and others require extra preparation. Some are more nimble on their feet and apt to achieve better results at trial. Some have deeper insight and in a few hours may find ways to prevail (or to curtail costly discovery) that will elude their colleagues.

*Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir.1993)(parenthesis in original). *See also Smart Oil, LLC v. DW Mazel, LLC,* 2019 WL 3003095, at *5 (N.D. Ill. 2019); *Mouloki v. Epee*, 2018 WL 4868960, at *3 (N.D. Ill. 2018).

Nor should we forget the unfortunate reality that discovery is all too often a tedious, lengthy, and contentious business that is inordinately (and often needlessly) time-consuming not only for the

lawyers involved but for the court as well. *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000). Modern day discovery is, unfortunately, "a monster on the loose" *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986) that requires a disproportionate expenditure of time, by both the lawyers and the court – especially when measured by what is accomplished. This case is no exception.

Finally, given the defendants' approach to this case, the hours claimed by plaintiff ought not be questioned too severely. Indeed, Justice Jackson's comments in *Douglas v. City of Jeanette*, 319 U.S. 157, 166 (1943)(dissenting opinion) apply here: "[u]nless we are to reach judgments as did Plato's men who were chained in a cave so that they saw nothing but shadows we should consider the facts of [this] case at least as an hypothesis to test the validity of the conclusions. . . ." After all, the setting in which acts of any kind occur must be measured by the context of their occurrence. Defendants tended to meet each occasion with submissions that were many and prolix, and seemed to find fault with everyone but themselves. Because of their number and length and their often discursive and censorious content, the defendants' filings needlessly increased the efforts required by the plaintiff as well as the all too scarce judicial resources. They unnecessarily took time away from other cases patiently and properly awaiting attention in the judicial queue. This is a significant problem throughout the country. *See, e.g., Builder Nab LLC v. FDIC,* 922 F.3d 775, 778 (7th Cir. 2019); *Rodriguez-Machado v. Shinseki*, 700 F.2d 48, 50 (1st Cir. 2012); *Fifth Third Bank v. Edgar County Bank & Trust*, 482 F.3d 904 (7th Cir. 2007); *Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991); *Bros., Inc. v. W.E. Grace Msg*, 351 F.2d 208 (5th Cir. 1965). And, unfortunately, it is not new. *See generally,* Bradlee Foster*, Playing "Hardball" in Federal Court:*

*Judicial Attempts to Referee Unsportsmanlike Conduct*, 55 JALC 223 (1989).[14]

We set forth below examples of the defendants' unfortunate approach to litigating this case. For example, in the 30 days before they finally filed their response to plaintiff's petition for fees, the defendants filed seven motions, two memoranda, and two Declarations, all seemingly addressing the parties' discovery squabbles, which, along with attached exhibits, totaled nearly 1300 pages; an average of roughly 40 pages of filings a day: [Dkt. #305 – Defendants' Motion to Stay Briefing and Decision Or, in the Alternative, for an Extension of Time to Respond to Plaintiff's Motion for Attorney's Fees and Incorporated Memorandum of Law (36 pages); Dkt. #304 – Defendants' Fed.R.Civ.P. 72(a) Motion to Vacate, in Part, Magistrate's Discovery Order, Or, in the Alternative, to Refer for Report and Recommendation and Incorporated Memorandum of Law (140 pages); Dkt. #302 – Defendants' Motion for Reconsideration and to Vacate, in Part, the Order on Plaintiff's Motion to Compel, and to Stay Briefing and Decision on Plaintiff's Motion for Attorney Fees and Incorporated Memorandum of Law (132 pages); Dkt. # 292 – Defendants' Motion for Hearing on Plaintiff's Motion to Compel (2 pages); Dkt. #287 – Defendants' Motion for Clarification Or, in the Alternative, To Withdraw Motion to Terminate the Referral to the Magistrate for Discovery Supervision and for an Evidentiary Hearing (18 pages); Dkt. # 291 – Zhou Wenbo Defendants Response to Plaintiff's Motion to Compel (6 pages); Dkt, #280 – Defendants' Motion to Extend the Page Limit for Memorandum of Law in Support of its Motion to Terminate Discovery Supervision, for Entry of a Pre-trial Order, for an Order Requiring That Plaintiff Preserve Certain Evidence and

---

[14] The Seventh Circuit has repeatedly emphasized the importance of not squandering the all too scarce time a judge has to devote to the endless queue of cases awaiting decision and the litigants who need that time. *See, e.g., Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 854 (7th Cir.1998); *Matter of Memorial Hosp. of Iowa County, Inc.*, 852 F.2d 1299, 1302 (7th Cir. 1988); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir.1987); *Channell v. Citicorp Nat. Services, Inc*., 89 F.3d 379, 386 (7th Cir.1996). *See also Philips v. The Raymond Corp.*, 213 F.R.D. 521, 523 (N.D.Ill.2003) (Shadur, J.).

for Limited Expedited Discovery and to Provisionally Seal Documents Attached to L. Ford Banister's Declaration (3 pages); Dkt. #279 – Defendants' Memorandum of Law in Support of Motion To1terminate Discovery Supervision, for Entry of a Pre-trial Order, for an Order Requiring That Plaintiff Preserve Certain Evidence and for Limited Expedited Discovery (219 pages); Dkt. # 278 – Defendants' Motion to Terminate Discovery Supervision, For1entry of a Pre-trial Order, for an Order Requiring That Plaintiff Preserve Certain Evidence and for Limited Expedited Discovery (2 pages); Dkt ##271-275 – Declaration of L. Ford Banister, II plus Exhibits (406 pages); Dkt. #276 – Declaration of Zhou Wenbo plus Exhibits (324 pages)].

Despite all this, the defendants claimed (1) they were unable to comply with Judge Pacold's Order of June 26th, requiring them to either indicate the plaintiff's motion was unopposed by July 1st or file a response by July 8th [Dkt. #297, 308]; (2) they were unable to meet with plaintiff's counsel and agree on a discovery close date as per my order of June 30th [Dkt. ##299, 311]; and (3) they claimed they had insufficient opportunity to respond to plaintiff's petition for fees. In response to the plaintiff's Fee Petition alone, defense counsel filed four motions [Dkt. ##302, 303, 305, 307], totaling more than 300 pages with exhibits, all during the week they were given to file a response to the plaintiff's simple fee petition.[15]

So, given defense counsel's stratagem, each task understandably took longer than might otherwise have been the case. Flooding one's opponent and the court with questionable, prolix, and misleading submissions leads to increased legal fees and costs by the opponent and ultimately to

---

[15] The choice by defendants' counsel undermines the complaint that seven days was not enough time to respond to plaintiff's simple Fee Petition. [Dkt. #307, at 11 n.3]. Obviously, facts, not self-interested, partisan contentions are determinative of what is true and what is not. Here, as always, truth and accuracy are not a function of repetition or insistence by a vitally interested player in this drama.

higher Rule 37 awards. And, this cannot be too strongly stressed: as noted earlier, it selfishly and needlessly squanders precious judicial time. This, as we noted earlier, is a recurrent theme in Courts of Appeals' Opinions – unfortunately with negligible results. *Nike, Inc. v. Wu*, 2020 WL 257475, at *15 (S.D.N.Y. 2020).

## CONCLUSION

Judge Pacold, of course, has the ultimate authority to decide whether I have the statutory authority to "hear and determine" the plaintiff's Rule 37 request for fees or whether I was limited to issuing a Report and Recommendation, with her review being *de novo*. But unless she concludes that magistrate judges in this District do not have the authority to "hear and determine" a petition for fees arising out of a discovery dispute – and that the plaintiff's Fee Petition in this case was somehow wanting – the plaintiff's Fee Petition in the amount of $8417.50 [Dkt. #300] is granted and shall be paid within 15 days.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 7/24/20