# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HANGZHOU AOSHUANG E-COMMERCE CO, LTD. | ) ) ) Case No. 1:19-cv-04565 |
| Plaintiff, | ) ) Judge Martha M. Pacold |
| v. | ) ) Mag. Judge Jeffrey Cole |
| 008FASHION, ET AL. | ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF ATTORNEY FEES AND INCORPORATED MEMORANDUM OF LAW**

Comes Now, Defendants[1] in the above styled civil action, by and through their attorneys, Ford Banister IP, and move this Honorable Court for Reconsideration and To Vacate The Order Granting Plaintiff Attorney Fees. In support hereof, Defendants submit the following Memorandum of Law.

---

[1] This motion is submitted on behalf of Defendants No. 124-qixing; Def. No. 146-Star star in the sky; Def. No. 168--william&jack; Def. No. 41--fashion-shop113; Def. No. 186--zagoo; Def. No. 40--fashion-shop112; Def. No. 11--aztuckers; Def. No. 185--yuzebaby; Def. No.30--dongyang743; Def. No. 39--ZOGAA3 Store; Def. No. 56--Greatmen Store; Def. No. 28--zoggaofficial store; Def. No. 82--ZOGAA SIX Store; Def. No. 25--ConvenientYourLife; Def. No. 180--yangxinyuan; Def. No.55--Goodgoods8; Def. No. 173--Xiao wu big yards shop; Def. No.44--fengzifei; Def. No. 45--fengzihyt-4; Def. No. 134--Shirley Store (hereinafter, "Defendants")

1

# MEMORANDUM OF LAW

I. **BACKGROUND AND PROCEDURAL HISTORY**

On June 12, 2020, Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd. ("hereinafter, "Plaintiff " or "HAECO") moved to compel Defendants to provide further and additional responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents. [Doc. 282 at 1] (hereinafter, "the motion") On June 12, 2020, Plaintiff incorrectly noticed the motion for presentation before Judge Pacold, even though she referred discovery matters to this Court on August 30, 2019. [Docs. 87; 293; 294 at 1]. On June 12, 2020, Judge Pacold instructed Plaintiff to re-notice the motion before this Court which Plaintiff accomplished on the same date. [Docs. 284-5] On June 15, 2020, this Court entered an order requiring Defendants to respond by June 22, 2020. [Doc. 286] Defendants timely submitted their response on June 22, 2020. [Doc. 291] On June 23, 2020, Defendants moved separately for the Court to hold a hearing on Plaintiff's motion to compel. [Doc. 292] The Court entered its ruling on June 23, 2020 without holding a hearing as requested by Defendants. [Doc. 294] On June 29, 2020, this Court denied Defendants' motion for a hearing on the motion to compel due to its having entered an order on the motion on June 23, 2020. [Docs. 298 & 294] Plaintiff filed its motion for attorney's fees on June 30, 2020, noticing the motion for presentation before this Court on July 10, 2020. [Docs. 300-1] On July 3, 2020, Defendants moved the District Court to vacate that portion of the Magistrate's order awarding Plaintiff's attorney's fees. [Doc. 304 ] That motion was denied without prejudice on July 13, 2020. [Doc. 313] Finally, on July 6, 2020, Defendants moved the Magistrate Judge to stay the briefing and decision on Plaintiff's petition for attorney's fees, or, in the alternative, for additional time to respond to Plaintiff's petition. [Doc. 305] The Magistrate

Judge denied that motion on July 8, 2020. [Doc. 306] On July 24, 2020, the magistrate granted Plaintiff's petition for attorney's fees [Doc. 319].

**II.      STANDARD OF LAW FOR MOTION FOR RECONSIDERATION**

Under Fed.R.Civ.P. 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); see also *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), amended at 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)). The standard applicable to motions to reconsider under Rule 54(b) is largely identical to that of Rule 59(e). See, e.g., *Morningware, Inc. v. Hearthware Home Prod., Inc.*, Case No. 09-cv-4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011) ("The standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b)."). "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (internal quotation marks omitted) "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the `wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000)). *See also Hickory Farms, Inc. v. Snackmasters, Inc.,* 509 F. Supp. 2d 716, 719 (N.D. Ill. 2007) ("Reconsideration is appropriate, generally speaking, only when the Court overlooked or misunderstood something.")

3

III.　　ARGUMENT

　　(a)　　The Order on Plaintiff's Motion for Attorney's Fees Misstates Defendants' Arguments

In their motion for reconsideration of the Court's order on Plaintiff's motion to compel, Defendants stated as follows:

> **Defendants acknowledge that "The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions. McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004) citing 18-134 MOORE'S FEDERAL PRACTICE — CIVIL § 134.02 (Matthew Bender & Co., Inc. 2003). This Court may, at its discretion, realign its opinion with those courts that hold that a magistrate judge does have authority to enter sanctions under Fed.R.Civ.P. 37(a)(5)(A). However, Defendants respectfully submit that, if this is the path that this Court chooses to follow, it should provide a detailed analysis of its decision. This Court's order contains no such discussion.[Doc. 294 at 2]**

[Doc. 302 at 6] [Emphasis Added] [Unquote]

In the July 24, 2020, Order, however, this Court accused Defendants' counsel of arguing that the magistrate is not permitted to change his mind or to deviate from prior rulings. This is not accurate - Defendants made no such argument. Rather, Defendants respectfully argued only that "if this is the path that the magistrate chooses to follow, he should provide a detailed analysis of its decision. The Magistrate's discovery order contains no such discussion." [Id.]. Defendants disclaimer of the argument attributed to them by the magistrate is clear and unequivocal and was stated not once, but, verbatim, in three different filings. [Docs. 304 at 6; 307 at 4-5] Defendants never allege, as the Order states, that His Honor was not permitted to change his mind or to make a different ruling; Defendants argued only that such a departure should be accompanied by some explanation. It is not necessary nor appropriate for the Judge to put words into counsel's mouth and then throttle them for the strawman's position. This is

4

particularly true where, as here, it seems the tone of the ruling is unduly influenced by the misperception that Defendants' counsel was restricting or limiting the magistrate's authority. Moreover, a ruling based on such a characterization of the record, for which the magistrate does not provide a record citation, is institutionally damaging where, as here, Defendants not only made no such argument but repeatedly disclaimed it.

      **(b)    The Magistrate's Order Granting the Motion to Compel Is Inconsistent With His Order Granting Plaintiff's Fee Petition**

The Magistrate Judge's Orders granting Plaintiff's Motion to Compel [Doc. 294] and granting Plaintiff's Petition for Attorney's Fees [Doc. 319] are inconsistent with regard to the existence of a Rule 37.2 Conference. Specifically, the Order granting the motion to compel infers that a 37.2 conference occurred, with the Court stating, without record citation, that: "The parties then went back and forth for a number of months, exchanging the customary letters and emails and, as a bow to modernity, held a video conference. Nonetheless, there remained issues with some 13 requests the parties could not resolve, even though the requests did not seem very complicated." [Doc. 294, p.1]. However, in complete contradiction to the initial order on the motion to compel, the Order granting Plaintiff's Petition for Fees states that "The upshot is that several email exchanges culminated in the parties having a Zoom meeting– which defendants' counsel declined to record – on May 27th, during which defendants' counsel refused to address the deficiencies in defendants' discovery production. That obduracy makes a mockery out of the purposes that underlie Local Rule 37.2." [Doc. 319 at 9] (internal citation omitted)

The magistrate's decision to challenge Defendants' good faith participation in the [Doc.319] Order rather than in the Order on the motion to compel is more than unusual: it belies an inclination, if not a desire, to assume facts presented by Plaintiff as established without

5

permitting Defendants the opportunity to address it the allegation, perhaps suggested but not posited by Plaintiff, and sets matters in reverse order: If the magistrate believed that Defendants were not participating in the 37.2 conference in good faith, it should be noted in the Order on Plaintiff's Motion to Compel. [Doc. 294] But it is nowhere to be found. Rather, the Court preferred to take a negative read of Defendants' conduct in the alleged 37.2 conference in a later Order by adopting Plaintiff's more sinister characterization of the remote meeting. This roundabout on the merits and/or existence of a 37.2 conference accomplishes little other than to deprive Defendants of the opportunity to contest Plaintiff's version of events, which the Court adopted, in an earlier briefing.[2] The result is an unfair maligning of Defendants conduct regarding the 37.2 conference that seemingly influenced the Court's decision.

**(c)     Defendants' Counsel is Entitled To Be Heard On Sua Sponte Allegations of Misconduct**

Defendants' counsel, like every human being, is imperfect. Therefore any occasional criticism, identification of missteps, or subtle instruction by a judge is reasonably expected and will be well taken by both Mr. Banister and Mr. McElvenny. The magistrate's Order on the petition goes well beyond these fundamental observations, unfortunately. Specifically, page 9 of the Order, broadly and without citation, characterizes their submissions to the court as "questionable" and "misleading". [Doc. 319 at 15] The magistrate further refers, again in a conclusory manner and without record citation, to the Defendants' supposed "misconduct and that of their lawyer. [Id. at 12] This is wholly inappropriate and contrary to circuit precedent, *to wit*: "[A]n attorney charged by the trial judge with unprofessional conduct may insist upon being heard in his own defense so long as his response is respectful. We agree that there is in this

---

[2] Defendants could and would have addressed this finding in their Motion to Reconsider the Court's ruling on Plaintiff's Motion to Compel [Doc. 294] filed July 1, 2020 [Doc. 302]

limited situation cogent reason for permitting such response since appellate review is not available to vindicate an attorney who is erroneously charged with unprofessional conduct. To require him to remain silent in the face of such a charge is, as the court said in *Abse*, to render him 'helpless.'" *In re Dellinger*, 461 F.2d 389, 399 (7th Cir. 1972) citing *In re Abse*, 251 A.2d 655, 656 (D.C. 1969) The *Abse* Court fully set out this standard as follows:

> The attorney was personally charged by the judge with unprofessional conduct and no appeal could be taken from the judge's remarks. Can a Judge make such a charge and deny the attorney the right to answer? Must the attorney stand silent and helpless in face of such a charge? Is it contempt of court for the lawyer to insist that he is entitled to answer the charge?
>
> A charge that an attorney is guilty of unprofessional conduct is a serious Charge and is even more serious and damaging when made by a judge in open court. Fundamental fairness requires that the attorney be given reasonable opportunity to answer such a charge. A judge has no right to make such a charge and then deny the attorney the right to be heard, and it is not contempt of court for the attorney to insist on being heard. Of course the attorney does not have unlimited time to be heard and his answer must be in a respectful manner, but he does have the right to be heard and should not be penalized for attempting to exercise that right.
>
> *Id.* at 656-7. [Unquote]

The Court's failure to adhere to this standard has multiplied the proceedings and delayed resolution of matters that could have been easily and immediately resolved had the Court made these statements in the presence of Plaintiff's counsel and permitted a response. As the Seventh Circuit noted in *In re Dellinger*, "[W]here the judge is arbitrary or affords counsel inadequate opportunity to argue his position, counsel must be given substantial leeway in pressing his contention, for it is through such colloquy that the judge may recognize his mistake and prevent error from infecting the record. It is, after all, the full intellectual exchange of ideas and positions that best facilitates the resolution of disputes." 461 F.2d 399. Had Plaintiff been permitted to

immediately respond in each instance, the Court would have had the benefit of the knowledge and insight possessed by an attorney charged with prosecuting the case who would have quickly disabused it of whatever confusion prompted these statements, at which point Plaintiff would be entitled to expect that the Court would acknowledge its error and apologize for having improperly caste aspersions upon the character and conduct of an officer of the court. Instead, Plaintiff has been forced to request reconsideration, in part, to secure an opportunity to address this baseless disparagement.

**PRAYER FOR RELIEF**

**Wherefore,** Defendants respectfully request that the Court grant the following relief:

a) That the Court reconsider and vacate the order on the motion to compel and order granting Plaintiff attorney fees; [Docs. 294 and 319]

b) That the Court set a hearing date on this motion affording counsel their right to be heard on the Court's *sua sponte* allegations;

c) Any further and additional relief that this Court deems necessary and appropriate.

Respectfully submitted this 21st day of August, 2020.

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
244 5th Avenue, Ste. 1888
New York, NY 10001
Telephone: U.S No. 212-574-8107
Email: ford@fordbanister.com
*Attorney for Defendants*
