IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hangzhou Aoshuang E-Commerce Co., Ltd. | ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-04565 |
| v. | ) ) ) | Judge Martha M. Pacold |
| Zhou Wenbo, et al., | ) ) ) | Mag. Judge Jeffrey Cole |
| Defendants. | ) ) | |

**Plaintiff's Reply Memorandum in Support for Finding Wenbo Defendants in Contempt**

  Defendants' explanation for noncompliance with this Court's July 24, 2020 Order is unserious. Defendants admit that this Court articulated an unambiguous command that Defendants pay to Plaintiff $8,417.50. [Dkt. 355 at 6]. Defendants admit that "the payment required by the order to pay has not yet been delivered to Plaintiff." [Id.]. Incredulously, Defendants conclude that they have complied with the July 24, 2020, Court Order. [Id.]. This is false, defying logic and common sense. Moreover, Judge Cole has already observed that "[t]he [Wenbo] defendants neither complied with the Order and paid the awarded fees, nor did they seek review by the District Court as they could have." [Dkt. 348].

  Rather than simply making the ordered payment, Defendants resort to introducing tangential facts and intentionally misconstruing relevant law in order to distract from their violation of a Court Order. Defendants were ordered on July 24, 2021, to pay the $8,417.50 to Plaintiff by August 10, 2020. [Dkt. 319]. Defendants failed to do so. Plaintiff was more than amiable in providing Defendants leeway in order to make the necessary payment: Plaintiff provided Defendants wire transfer information [Dkt. 350-2] or, in the common alternative, allowed for receipt of a cashiers check or law firm check that Defendants' counsel could have easily delivered to Plaintiff's counsel's

office by the extended date of August 21, 2021. [Dkt. 350-5]. Defendants had every opportunity to make the payment first by August 10, 2020, and again by August 21, 2021, but willfully chose not to. The Court need look no further than Defendants' contradictory behavior on August 21, 2020 to see the truth of Defendants' motives. On August 21, 2020, Defendants' counsel informed Plaintiff of Defendants' singular "failed" (and several days late) attempt to transfer the Court-ordered funds to Plaintiff. [Dkt. 350-6]. <u>On this same date</u>, August 21, 2020, that Defendants asserted they "stand, have stood, ready and willing to pay", Defendants filed a motion to reconsider the Court's award of attorneys' fees to Plaintiff. [Dkt. 350-6]; [Dkt. 325][1]. Defendants' duplicitous and contradictory actions demonstrate a willful effort to avoid paying to Plaintiff the indicated fees per the Court Order. [Dkt. 319].

I. **Argument**

    a. **Defendants' noncompliance with the July 24, 2020, Court Order is not justified.**

Defendants have offered no verified factual support that their willing refusal to pay Plaintiff the Court Ordered funds was in any way justified. Defendants concoct a narrative, absent any factual support, to create the illusion of a dispute where none existed. The purpose of which is solely to obstruct and avoid paying Plaintiff the Court Ordered fees as yet another improper delay tactic.

Defendants' brief in opposition discusses a tangential settlement discussion between Zhou Wenbo and "one of Plaintiff's principals" that took place at some point in early August 2020. [Dkt. 350-1]; [Dkt. 355 at 2-6]. As of August 12, 2020, two days after the Court-ordered funds were due, Defendants had yet to make any clear effort to contact Plaintiff or take any substantive steps towards tendering the Ordered payment. [Dkt. 350-1, 350-2]. Plaintiff informed Defendants on August 12, 2020 of wiring information so that Defendants could easily make the required payment.

---

[1] Defendants' motion for reconsideration was denied on August 24, 2020, [Dkt. 328].

[Dkt. 350-2]. The proposed wire transfer should not have been difficult or complicated, especially considering Defendant Zhou Wenbo's assertion that he is a "successful businessman with an actively operating business". [Dkt. 350-4]. On August 17, 2020, now seven days **overdue** and in violation of the Court Order, Plaintiff's counsel contacted Defendants to inquire about the transferred funds. [Dkt. 350-3]. On August 18, 2020, Defendants' counsel responded with a completely unrelated narrative of a settlement discussion between Defendant Zhou Wenbo and Dongdong Zhao which, indisputably, was not successful. [Dkt. 350-4]. After needlessly sharing his opinion on the merits of Plaintiff's case, Defendants' counsel suggested the transfer of funds be in RMB, ignoring that this Court Ordered such payment to be in USD. [Dkt. 340-4]; *see also* [Dkt. 300].

Plaintiff's settlement discussion with Defendants did not alter Defendants' obligations to comply with the Court Order. [Dkt. 350-5]. *See, e.g.*, U.S. v. Approximately $7,400 in U.S. Currency, 276 F.R.D. 596, 599 (E.D. Wis. 2011) (arguing that defendant's failure to comply with a court order was not excused by her medical condition or choosing to proceed pro se). Further, those discussions did not discharge Defendants' requirement to comply with the Order and make the payment. Plaintiff's counsel reiterated Plaintiff's demand that Defendants wire the $8,417.50 funds indicated in the Court Order that was now several days late. [Dkt. 350-5]. Plaintiff alternatively suggested that Defendants' counsel could, by August 21, 2020, provide the payment via "**cashier's check or law firm check delivered to [Plaintiff's counsel's] office by then would suffice.**" [Id.]. (emphasis added). Defendants refused to comply with any of the various methods of payment that Plaintiff reasonably provided them. [Dkt. 350-6]. Defendants' actions of filing a motion to reconsider the Court's award of attorneys' fees to Plaintiff on August 21, 2020 belie any representation the Defendants "stood, ready and willing to pay". [Dkt. 350-6].

Finally, Plaintiff notes that Defendants' "attempt" to transfer the funds to Plaintiff's counsel's IOLTA Trust Account apparently only took place **after** the Court ordered deadline of

August 10, 2020. [Dkt. 350-6]. The evidence Defendants provided to support the contention that said transfer was impossible to complete consists of what appears to be an undated mobile phone screenshot that sweepingly claims Plaintiff's IOLTA Trust Account - located with Bank of America - "does not comply with [China's] foreign exchange management regulations." [Dkt. 350-6]. Defendants argue that their effort to comply with the Court Order ended with this singular, half-hearted, and belated attempt. Defendants ignored Plaintiff's other suggestions of how Defendants could affect payment such as a cashiers' check or law firm check delivered to Plaintiff's counsel. [Dkt. 350-5]. Defendants improperly try to shift blame to Plaintiff for not providing alternative methods of payment. [Dkt. 355 at 5]. Indeed, Defendants' brief in opposition argues Plaintiff "may have provided a different account number or suggested a different payment method." [Dkt. 355 at 5]. This is exactly what Plaintiff did. [Dkt. 350-5].

Further, in light of the Court's suggestion on June 3, 2021, Plaintiff again provided Defendants an alternate and very commonly used, particularly by Chinese merchants, payment method, Payoneer, to make the payment. *See*, Urbanczyk Decl., ¶ 6, Ex. 4. In response, Defendants declined to use Payoneer not due to an inability to use the simple system, but, incredulously, non-preference. Id., Ex. 5. Yet another prolix and hyperbolic email followed from Defendants, and Plaintiff is at a literal and figurative loss. Id., Ex. 6.

## b. Defendants have failed to make any reasonable effort to diligently comply with the July 24, 2020 Court Order as a matter of law.

To prevail on a request for a civil contempt finding, a movant must establish by clear and convincing evidence that: (i) a court order sets forth an unambiguous command; (ii) the alleged contemnor violated the command; (iii) the violation was significant, meaning the alleged contemnor did not substantially comply with the order, and (iv) the alleged contemnor failed to make a reasonable and diligent effort to comply. Ohr ex rel. Nat'l Labor Relations Bd. v. Latino Exp., Inc.,

776 F.3d 469, 474 (7th Cir. 2015). Defendants admit the July 24, 2020, Court Order unambiguously commanded them to pay Plaintiff by August 10, 2020. [Dkt. 355 at 6]. Defendants admitted that by August 10, 2020, they had not paid Plaintiff the indicated funds, thus violating the command. [Dkt. 355 at 6]. Defendants' failure to pay Plaintiff was significant as it was a total breach of the command and Defendants have not made a reasonable or diligent effort to comply with the Court Order. [Dkt. 350 at 4-6]. Accordingly, Defendants should be held in contempt for violating the July 24, 2020, Court Order. Nat'l Labor Relations Bd., 776 F.3d at 474.

Defendants' brief in opposition attempts to argue that Defendants substantially complied with the Court Order by arguing (1) that their singular failed (and late) attempt to wire the Court Ordered funds establishes reasonable diligence to comply; (2) that Plaintiff should have provided Defendants another method of payment; and (3) that Defendants never asserted an inability to pay defense so they need not show a "plain impossibility" to pay to escape liability. [Dkt. 355 at 6-9. Each of these reasons are illogical and wholly insufficient to establish "reasonable diligence to comply." In re Resource Technology Corp., 624 F.3d 376, 387 (7th Cir. 2010).

First, Defendants audaciously asserts in their brief that "although the funds transfer failed, due to no fault of Zhou Wenbo, Zhou Wenbo met the command of the order to pay." [Dkt. 355 at 6]. This argument is nonsensical, and Defendants have not provided evidence to demonstrate the failure of this transfer was "no fault of Zhou Wenbo." [Id.]. Defendants have provided one screenshot of the failed transfer without any further details of how the wiring was attempted. [Dkt. 350-6]. Defendant Zhou Wenbo represents that he is a "successful businessman with an actively operating business" but cannot seem to achieve a simple wire transfer. [Dkt. 350-4]. Defendants cannot sweepingly conclude that the failed wire transfer was "no fault of Zhou Wenbo" to excuse his lack of compliance with the Court Order, much less seriously propose that Defendants have no ability to transfer USD to a U.S. bank account. Courts have denied a finding of reasonable diligence

adhering to a Court Order with defendant's who have provided substantially more evidence than Zhou Wenbo. Lightspeed Media Corp. v. Smith, 761 F.3d 699, 712 (7th Cir. 2014) (upholding finding of contempt where party failed to point to any steps it was taking to make final payment owed to opposing party and submitted incomplete financial documents in support of inability to pay argument); Heyne v. Nick's Am. Pancake & Café, Inc., No. 3:11-CV-305 JD, 2016 WL 270110, at *5 (N.D. Ind. Jan. 22, 2016) (rejecting inability to pay defense due to lack of specific financial evidence); Krumwiede v. Brighton Assocs., L.L.C., No. 05C3003, 2006 WL 2714609, at *4 (N.D. Ill. Sept. 20, 2006) (finding plaintiff's bare assertions insufficient to demonstrate an inability to pay). Accordingly, Defendants were not reasonably diligent in attempting to adhere to the Court Order. [Dkt. 319].

Second, Defendants are wholly incorrect suggesting that their failure to comply was due in part to Plaintiff's inflexibility of providing alternative methods of payment. [Dkt. 355 at 8]. Defendants asserts that after the failed attempted wire payment they received "no further instruction from Plaintiff or its counsel and with Plaintiff refusing to provide an account number for Zhou Wenbo to transmit the funds directly to Plaintiff, what more can Zhou Wenbo do?". [Dkt. 355 at 6]. This is false, and the Court commanded Defendants to make the payment, in USD, by August 10, 2020. Plaintiff was under to no order or obligation to comply with Defendants' quarrelsome demands that Plaintiff do what is convenient for Defendants. Plaintiff clearly informed Defendants' counsel that they could alternatively deliver the payment by cashier's check or law firm check. [Dkt. 350-5]. Plaintiff also informed Defendants that they could use the commonly-used Payoneer to transfer those funds to Plaintiff's satisfaction. Urbanczyk Decl. ¶ 4, Ex. 4. Zhou Wenbo could easily have paid Plaintiff the money due per the Court Order. Defendants misleadingly state that Plaintiff "rushed to the magistrate to present its first motion for contempt" seeming to suggest Plaintiff did not give Zhou Wenbo a fair chance to affect payment. [Dkt. 355 at 8]. Plaintiff

reminds the Court that Zhou Wenbo's attempted wire transfer was apparently several days **after** the August 10, 2020 deadline imposed by the Court and Defendants were telling Plaintiff they were "willing to pay" on August 21, 2020, while simultaneously filing their motion to reconsider the attorneys' fee award. [Dkt. 325]. Defendants insists their contradictory actions on August 21, 2020, should not "lead to an inference of intent not to comply" because it would "impermissibly chill advocacy." [Dkt. 355 at 7]. This mischaracterizes Defendants actions: they had already bypassed the Court-ordered deadline of August 10, 2020, eliminating any goodwill that they would still adhere to the Court Order. The fact that Defendants told Plaintiff they were willing to pay while simultaneously bypassing the deadline and requesting the Court vacate the attorneys' fee award absolutely infers an intent not to comply with the Court Order. Insisting that Defendants adhere to a Court Order does not "chill advocacy". Defendants' characterization that Plaintiff "rushed" to file its first motion for contempt is baseless given Defendants' duplicitous behavior. Plaintiff gave Defendants every chance and opportunity to adhere to the Court Order but they willfully chose to ignore it for, by now, more than nine months.

Finally, Defendants assert that their actions were reasonably diligent because their inability to pay stemmed from an inability to *deliver* the funds and not because they *lacked* the funds. [Dkt. 355 at 9]. Defendants make a distinction to no avail as it does not negate the clear fact that they never provided Plaintiff the funds that were due under the Court Order. "Inability to pay is a valid defense in a contempt proceeding, but the party raising the defense has the burden of proving its inability to pay." In re Resource Technology Corp., 624 F.3d 376, 387 (7th Cir. 2010). "[T]he inability to pay defense requires a showing of a "complete inability" to pay" and the Defendant has "the burden of establishing clearly, plainly and unmistakably that compliance is impossible." In re Resource Technology, *citing*, Huber v. Marine Midland Bank, 51 F.3d 5 (2d Cir. 1995). Willfulness is not required to hold any party in civil contempt, only that the party has not been reasonably diligent

in accomplishing what was ordered. SEC v. McNamee, 481 F.3d 451, 456 (7th Cir. 2007). "[C]ourts regularly reject inability to pay defenses where the party cannot show that payment is plainly impossible." Voso v. Ewton, No. 16-CV-00190, 2017 WL 2653143, at *2 (N.D. Ill. June 20, 2017), *citing*, In re Resource Technology.

Defendants have utterly failed to demonstrate that they were unable to pay Plaintiff the Court Ordered funds, or that payment was "plainly impossible". In re Resource Technology, at 387. Defendants appears to insist that the only possible method of payment they could have achieved was a direct payment between Zhou Wenbo and Plaintiff personally via Chinese banks overseas, in foreign currency. [Dkt. 355 at 9]. This may have been Defendants' *preference* but Plaintiff's request for an alternative method of payment does not render Defendants' ability to pay impossible. Plaintiff, for reasonable security and confirmation purposes, desired the funds to be ultimately transferred to Plaintiff's counsel's IOLTA Trust Account, as is tremendously common. Defendants misunderstand that it is their burden to establish the plain impossibility of their ability to pay. United States v. Rylander, 460 U.S. 752, 757 (1983). Defendants' singular piece of evidence that one wire transfer failed in nine months is wholly insufficient to demonstrate the plain impossibility that Defendants could not adhere to the Court's Order. [Dkt. 350-6]. Accordingly, this Court should properly find that Defendants were not reasonably diligent in adhering to the Court's July 24, 2020, Order and find the Defendants in contempt. Plaintiff requests all reasonable costs and attorneys' fees associated with bringing this motion to the furthest extent allowed under Fed. R. Civ. P. 37(b) and provide to Plaintiff all other relief this Court deems fair and just, including per business day fines for Defendants' continued direct violation of the Court's Order. *See*, *e.g.*, Cannon v. Loyola University of Chicago, 676 F. Supp. 823, 831 (N.D. Ill. 1987) (finding plaintiff in civil contempt, awarding costs, attorneys' fees, and imposing additional fines of $100 per business day that plaintiff's continued to be in direct violation of a Court mandated injunction).

**c. Defendants' requests for sanctions are baseless distractions.**

Defendants' brief in opposition to Plaintiff's Second Motion for Finding of Contempt requests that this Court sanction Plaintiff and its attorneys for "falsely alleging that Zhou Wenbo refused to pay" the Court Ordered funds. [Dkt. 355 at 12]. Defendants blankly admits in the same brief that the funds have not been delivered to Plaintiff. [Dkt. 355 at 6]. Essentially, Defendants admit that they have not paid Plaintiff but seeks sanctions against Plaintiff for mentioning this undisputed fact to the Court. [Id.]. This argument is nonsense and Defendants have no good-faith basis to raise this contradictory argument. Defendants' request for sanctions is baseless and is nothing more than Defendants' latest attempt to needlessly complicate the issues between the parties in the hopes that its prolix, kitchen sink approach might bring them some success.

Defendants self-servingly characterizes Plaintiff's efforts seeking the First and Second Motion for Contempt as a ploy to "impose greater costs on Zhou Wenbo" and possibly "leverage a contempt order to obtain a favorable resolution." [Dkt. 355 at 12]. This is false where it is not completely irrelevant. First, it was Defendants' obstructive behavior that prompted Plaintiff's motion to compel that resulted in this Court's award of attorneys' fees to Plaintiff. [Dkt. 319]; [Dkt. 282]. Second, it was Defendants' decision to not comply with the Court's simple Order and Defendants' failure to ensure that payment was made to Plaintiff prior to August 10, 2020. [Dkt. 319]. Finally, Defendants' vague assertions that Plaintiff would attempt to "leverage" the contempt order does not explain nor justify Defendants' continued violation of the Court Order. [Id.]. The instant Second Motion for a Finding of Contempt is a consequence of Defendants' own actions. Plaintiff's motive in seeking this motion is wholly irrelevant, but even if it were, Plaintiff is justified in pursuing this motion because this Court has historic powers of equity to ensure integrity of the courts to protect and safeguard the public. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991), *citing*,

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944). Defendants' suggestion that Plaintiff's actions are in bad-faith are completely unfounded.

> Defendant, grasping at straws, summarizes Plaintiff's alleged "misconduct" as follows:
>
> On August 21, 2020, in the final communication from Zhou Wenbo to Plaintiff prior to Plaintiff's submission of its original Motion [for Finding of Contempt], Zhou Wenbo made clear that he stood "ready and willing to pay" That has never changed. Rather, Plaintiff acts in a way analogous to a bank that closes the doors and windows when it sees a mortgagee coming, refuses to check the mail, and then seeks to foreclose for lack of payment.

[Dkt. 355 at 13]. This characterization of the events is silly, and egregiously misstated. Defendants intentionally omit the fact that they apparently never attempted to make any form of payment to Plaintiff until **after** the August 10, 2020, deadline. [Dkt. 350-6]. Defendants intentionally omit that while they made the representation they were "ready and willing to pay" Defendants were simultaneously filing a motion to reconsider the attorneys' fee award on the very same day. [Dkt. 325]; *See*, Alexander v. Chicago Park Dist., No. 79 C 2242, 1990 WL 115603, at *4 (N.D. Ill. Aug. 3, 1990) (finding defendants in civil contempt after senseless delays caused by defendants filing motion after motion for stays and reconsideration). Defendants intentionally omit the fact that Plaintiff's counsel had offered alternative, basic methods of payment that Defendants could have opted to use in order to affect payment. [Dkt. 350-5]. And finally, Defendants intentionally omit the fact that Plaintiff's IOLTA Trust Account information has been available to Defendants since August of 2020 and Defendants have not in approximately nine months attempted a second wire transfer of the money to Plaintiff. Plaintiff's doors and windows have been wide open this whole time, located at the same physically addresses in Chicago, Illinois where Defendants' counsel operates, for Defendants to deliver the Court Ordered payment. If Defendants were truthfully "ready and willing to pay" they would have done so already.

This Court maintains the discretion to assess attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32,

45-46 (1991) (citing references omitted). However, this power "ought to be exercised with great caution…" Chambers, 501 U.S. at 43 *citing* Ex parte Burr, 22 U.S. 529, 531 (1824). Indeed, ordinary negligence fails to meet the bad faith standard that would warrant the court from imposing sanctions. Kotsilieris v. Chalmers, 966 F.2d 1181, 1185 (7th Cir. 1992); *see also*, Tucker v. Williams, 682 F.3d 654, 662 (7th Cir. 2012) (arguing that a showing of "bad faith" is required and that the district court must show restraint in using its inherent power to impose sanctions.). Plaintiff has not acted in any way that could plausibly be considered bad faith. Simply because Defendants claim that Plaintiff's actions are in bad-faith does not make it so. Plaintiff pursued the instant motion on the good-faith basis that Defendants have failed to pay Plaintiff pursuant to this Court's July 24, 2020 Order. [Dkt. 319], and Defendants' own behavior indicates they weren't interested in doing so. As outlined in this memorandum *supra*, Plaintiff provided Defendants ample opportunities to comply with the Order, including just recently per the Court's heeded suggestion, and did not obstruct Defendants' ability to do so in any form. Plaintiff respectfully requests this Court deny Defendants' request for sanctions as they can demonstrate no evidence that Plaintiff acted improperly.

**Conclusion**

Defendants have had many months to comply with the Court's simple order to pay Plaintiff. The email correspondence attached to Plaintiff's Second Motion for Contempt and this reply demonstrates Defendants' intransigence and precludes any reasonable determination that Defendants have been acting in good faith to simply make a payment as ordered by the Court. This Court should see Defendants' actions for what they are: obstructive, disingenuous, and disrespectful to this Court's authority and the Court and Plaintiff's time. Plaintiff respectfully requests that this Court issue an order finding Defendants in civil contempt for their failure to abide by this Court's July 24, 2020 Order, and issue whatever sanction this Court believes will force compliance, including awarding Plaintiff reasonable attorneys' fees, costs, and penalties as allowed under Rule 37(b).

Dated June 6, 2021

              Respectfully submitted,

              /s/Adam E. Urbanczyk
              Adam E. Urbanczyk
              AU LLC
              564 W. Randolph St. 2nd Floor
              Chicago, IL 60661
              (312) 715-7312
              adamu@au-llc.com

              Carla E. Carter
              Davis & Carter, LLC
              53 W. Jackson Blvd., Suite 1504
              Chicago, IL 60604
              (312) 802-3434
              ccarter@daviscarterlaw.com
              *Counsel for Plaintiff Hangzhou Aoshuang E-Commerce Co., Ltd.*